REGAN, Judge.
Plaintiff, Dillard University, instituted this suit against Toye Bros. Yellow Cab Company, a commercial partnership and its individual partners, endeavoring to recover the sum of $138.49, representing property damage sustained by its automobile, as the result of an intersectional -collision in Canal and Loyola Streets, in the City of New Orleans, on December 13, 1949, about 12:15 p. m.
Defendants answered and admitted the occurrence of the' accident, but denied that the operator of the cab, Andrew G. Lindsey, was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Sandy Thompson, the operator of plaintiff’s automobile.
From a judgment in favor of the defendant dismissing plaintiff’s suit, plaintiff prosecutes this appeal.
The record reveals the usual 'controversial facts always present in cases of this sort. According to-the plaintiff’s version of the accident, its automobile' was being driven at a speed of between twenty and twenty-five miles per hour, by one of its employees, Thompson, in the extreme left lane of the inbound roadway of Canal Street or in the -direction of the Mississippi River; upon reaching the intersection of Canal and Loyola, Thompson suddenly observed a Yellow cab emerging from the neutral ground of Canal Street, in which several sets of street car tracks are located; the cab did not stop or sound its horn as is required by Section 10(b) of Article VI of the Traffic Ordinance No. 13,702 C.C.S., but continued into Canal Street -causing the collision which is the subject of this litigation; Thompson had no opportunity to avoid the impending accident by altering his course due to the existence of other vehicles operating on 'his right side. • ,
Lindsey,-the'driver of the -cab, testified that he brought his cab to a stop on the neutral ground with the front end protruding two or three feet into the inbound roadway of Canal Street; he saw the plaintiff’s car approaching from his right about half a block away at a speed of approximately thirty miles an hour; Thompson applied his brakes but due to the slippery surface of the street (it was raining at the time) skidded into his cab, thus causing the damage to plaintiff’s car.
The only other witness to testify in this •case besides the two drivers was Mrs. M. P. Arno-ult, Jr., a passenger in the taxicab. Her testimony is of no value since she frankly admitted that she did not see the accident occur as she was preoccupied in checking ser “Christmas list”.
This case involves only a question of fact. We have carefully analyzed the testimony of the respective drivers bearing on the cause of the accident, and are of the opinion that the version related by Thompson, the driver of plaintiff’s automobile, is the more credible one. He was driving in a right of way street and had every reason to believe that the operator *907 of the cab would stop on the neutral ground, observe the rules of the road and permit traffic moving in Canal Street to proceed before endeavoring to turn into the inbound roadway. The cab driver not only failed to sound his horn, but he also failed to stop on the neutral ground; by his own admission when he stopped the front end of the cab extended two or three feet into the left lane of the inbound roadway of Canal Street. We are, therefore, of the opinion that he was guilty of violating Section 10(b) of Article VI of the Traffic Ordinance No. 13702 C.C.S. which reads:
“On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right-of-way to complete the crossing of the roadway of such street or avenue under the following conditions:
“Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop, it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway.”
The cab driver’s disregard of the foregoing ordinance was gross negligence and we have expressed this opinion in analogous cases on innumerable occasions. Hero v. Toye Bros. Yellow Cab Co., La.App., 19 So.2d 887; Peltier v. Travelers Ins. Co., La.App., 49 So.2d 346 and the cases cited therein.
Inasmuch as we have concluded that the cab driver was negligent, the only question which is now posed for our consideration is whether the operator of plaintiff’s vehicle was guilty of contributory negligence. An analysis of Thompson’s conduct prior to the collision, which we have related here-inabove, convinces us that his actions were reasonable and prudent under the existing ciroumstances.
The record contains a stipulation to the effect that respective counsel have mutually agreed that the monetary amount of damages incurred by plaintiff’s vehicle is the sum of $138.49.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of plaintiff, Dillard University, and against the, defendants, Toye Bros. Yellow Cab Company, a commercial partnership composed of Frank E. Toye, George A. Toye, Joseph Toye, Paul W. Toye, Mrs. Anita Foltzer Toye and the Estate of Robert Toye, in solido, in the full sum of $138.49, with legal interest from judicial demand and for all costs.
Reversed.