McBRIDE, Judge.
Plaintiff seeks to recover for the damages sustained by his automobile, plus loss of earnings, as a result of an interscctional collision between his automobile and that of defendant, which occurred in the early morning hours of September 13, 1930, at Jackson Avenue, on which defendant was traveling in a direction toward the lake, and the uptown-bound lane of South Claiborne Avenue, which is a right-of-way thoroughfare, on which plaintiff was driving his car.
Defendant is charged with being negligent in several particulars, which need not be detailed here. The only witnesses in the case are the parties who were driving their respective automobiles. They both agree that a blinking amber semaphore light, meaning “caution”, faced plaintiff, and a blinking red light flashed for traffic moving on Jackson Avenue.
Defendant in his answer denied negligence on his part and alleged that the accident was caused through the fault of plaintiff. Defendant reconvened for the sum of $20, representing the damages to his vehicle. The judgment of the lower court dismissed plaintiff’s demand, but no disposition was made of defendant’s claim in reconvcntion. Plaintiff alone has perfected an appeal, and defendant made no answer thereto.
A comparison and analysis of the testimony convinces us that defendant’s negligence was the cause of the accident. Plaintiff testified that he was proceeding up South Claiborne Avenue close, to the neutral ground at a moderate rate of speed, and upon reaching the Jackson Avenue intersection, in obedience to the light signal he slackened his speed and shifted into second gear before attempting a crossing of the intersection, and just as he had reached about midway thereof the left side of his car was struck by the front of defendant’s car.
*502 On the other hand, defendant’s version as to what happened is at irreconcilable variance with the allegations of his answer. He maintains that he stopped before reaching the neutral ground of South Claiborne Avenue and started his car forward at a slow rate of speed and came to another stop on the uptown-bound car tracks, which point is just a few feet from the traffic lane in which plaintiff’s car was traveling, before entering the intersection. I-Ie states that at the time he stopped on the car tracks plaintiff’s car was about one-half of a block away; yet he insists that his car was struck by plaintiff’s just as the front part of it protruded into the intersection. If defendant’s testimony given from the witness stand is to be taken instead of the allegations of his answer, it points up the fact that he attempted to make the crossing directly in the path of plaintiff’s car, which was in close proximity, and which, under the traffic ordinance, had the right of way, it being on a preferential street. Another feature of the case is that the flashing red light faced defendant, which he admittedly did not heed. While the traffic ordinance is silent as to exactly what a flashing red light signifies, the color of the light itself at least should have brought home to defendant that the intersection was dangerous and that he was expected to use extraordinary caution in entering the South Claiborne Avenue traffic lane.
Defendant was also guilty of another violation of the traffic ordinance. Pie admits that before leaving the neutral ground he did not blow his horn. Art. VI of Traffic Ordinance No. 13,702, C.C.S., provides that on streets and avenues having neutral grounds and carrying streetcar lines vehicles crossing such neutral ground shall have the right of way to complete the crossing of the roadway, provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway' and signal with horn and give opportunity for approaching vehicles in the roadway to come to a stop. Defendant’s disregard of said provisions of the ordinance amounted to gross negligence, and this opinion has been expressed by us in analogous cases on several occasions. Hero v. Toye Bros. Yellow Cab Co., La.App., 19 So.2d 887; Peltier v. Travelers Ins. Co., La.App., 49 So.2d 346; Dillard University v. Toye Bros. Yellow Cab Co., La.App., 60 So.2d 905.
Plaintiff has adequately proven the damages to his automobile amounting to the sum of $182.27, and he is entitled to recover therefor. But plaintiff is not entitled to the $80 which he claims for the loss of commissions resulting from the deprivation of the use of his automobile during the four days it was being repaired.
It is well settled that for the temporary deprivation of the use of his car a plaintiff is entitled to recover the rental value thereof during the time required to make the repairs; he is not entitled to speculative profits he might have made if he had not been deprived of the use of the car. See Croft v. Southern Hardwood Lumber Co., 7 La.App. 274, which cites Reisz v. Kansas City Southern R. Co., 148 La. 929, 88 So. 120, and Sherwood v. American Ry. Exp. Co., 158 La. 43. 103 So. 436.
The case of Lucia v. De Lage, La.App., 36 So.2d 53, relied on by plaintiff, in which we cited Tornabene v. Rau, La.App., 34 So.2d 655, is not applicable. In those cases we were presented with claims of taxicab operators whose vehicles had been damaged. We allowed recovery for the loss of rent and earnings as a result of the operators being deprived of the use of their vehicles during the time they were out of service undergoing repairs.
The plaintiff in the instant case is in a different situation. We think he could have employed other and adequate means of transportation to carry on his business of “writing” insurance for ,his employer.
For the reasons assigned the judgment appealed from is reversed and voided, and it is now ordered that plaintiff have and recover from defendant the full sum of' *503 $182.27, with legal interest from judicial demand and all costs of the lower court; defendant’s reconventional demand is dismissed. Defendant-appellee is to bear the costs of this appeal.
Reversed.