ELLIS, Judge.
This is a suit for damages allegedly suffered by the plaintiff, John A. Wartell, as the result of the negligence of defendant’s insured, Superior Texaco Service Station, in servicing plaintiff’s automobile. Plaintiff sued for the amount which he paid for the repair of his vehicle, $350.83, as well as for damages for the loss of its use. The trial court awarded plaintiff the full amount of his claim for repairs, and $300.-00 for loss of use. From that judgment, defendant has appealed, alleging that the court erred in making those awards.
According to the narrative of testimony submitted by counsel, plaintiff left his automobile at Superior to be greased and to have the oil and oil filter changed. The wrong type of oil filter was installed in the vehicle. According to plaintiff’s testimony, he was told that the wrong kind of filter was being installed but that it would not make any difference in the operation of his vehicle. According to the testimony of Superior’s employee, he advised plaintiff that if that type of filter were installed, it might result in his automobile being ruined, but that plaintiff told him to go ahead and put it in.
Shortly after plaintiff left the station, a red light on his dash board came on. He stopped and turned his engine off. A little later, he restarted his car. After he had driven some distance, the red light came on again, and the car stopped. He got it started, and the same thing happened again. He then called his wife, who came to meet him. When she arrived, he was able to start his automobile and drive it the rest of the way home. On his arrival home, he noticed oil leaking out from beneath the car', and he traced the trail left by the oil from his home back to the service station.
It was ascertained that the oil leak was caused by the installation of an improper filter. According to the repair order in the record, this resulted in the engine being burned up. Repairs to the vehicle took approximately two weeks, during which time Wartell was without the use of his automobile. The invoice shows that the total bill was $350.83.
It is apparent from the record that the damages were caused by the installation of the improper oil filter by Superior. In order to hold for plaintiff, it was necessary that the trial judge accept his version of what happened when the filter was installed, and we cannot say that in so doing, he was manifestly erroneous. Appellant claims that the damages were due to the vehicle being driven by plaintiff after the red light had flashed on a number of occasions, and that his intervening negligence in so doing was the proximate cause of the damage suffered by plaintiff. The record is devoid of any evidence to this effect. In addition, defendant has pleaded neither the negligence nor the contributory negligence of plaintiff.
There is virtually no evidence as to dam-» ages suffered by plaintiff from the loss of use of his car. He testified that he did *223 not go to work for two weeks, and that he did not have his car for the two weeks following the above incidents. However, no causal connection is shown between his failure to go to work and the loss of use of his car. Neither is there evidence of any expense incurred for transportation, or even any inconvenience suffered by plaintiff.
In the absence of a showing of the actual damage suffered, plaintiff is not entitled to recover. Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436 (1925) ; Drewes v. Miller, 25 So. 820 (La. App.Orl.1946).
The judgment appealed from is therefore amended by eliminating therefrom the award of $300.00 made for loss of use, reducing the amount to $350.83, and, as amended, it is affirmed, at plaintiff’s cost.
Amended and affirmed.