244 So.2d 656 (1971)
Thurman NELSON et al., Plaintiffs-Appellants,
v.
Ray HAWKINS et al., Defendants-Appellees.
No. 11549.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1971.
Rehearing Denied March 2, 1971.
Miller & DeLaune by Donald R. Miller, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendants-appellees.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied March 2, 1971.
BOLIN, Judge.
This case was consolidated with Nelson v. Employers Mutual Insurance Company, *657 La.App., 244 So.2d 659, and only one judgment was rendered. The suits were precipitated by a two-car collision which resulted in personal injuries to one motorist and property damage to the car she was driving.
Donna Nelson, minor daughter of Thurman Nelson, was injured while she was operating an automobile owned by her father and covered by collision insurance with Employers Mutual Insurance Company. The Nelson car was struck from the rear by an automobile owned by Ray Hawkins, driven by his minor daughter, and insured against liability by Aetna Casualty and Surety Company.
In this case Nelson, individually and on behalf of his minor daughter, sued Hawkins, individually and as administrator of the estate of his minor daughter, and Aetna for damages for personal injuries suffered by Donna Nelson, and special damages sustained by Nelson because of the accident. From judgment in solido against defendants and in favor of Thurman Nelson, individually, in the amount of $2,149.96 for damages to the car and $75 medical bills, and in the amount of $500 on behalf of his daughter for her personal injuries, plaintiff appeals asking for an increase in the personal injury award and for damages for the loss of use of the vehicle from February 24, 1969, to July 4, 1969, which was the time it actually took to repair the automobile. Aetna and Hawkins answer, seeking a decrease in the awards and denying plaintiff is entitled to recover for loss of use.
In the companion case judgment was rendered in favor of Thurman Nelson in solido against Employers, Hawkins and Aetna for $2149.96 for damage to the Nelson car and all costs of the proceedings. Employers, in its third party demand, obtained judgment for the same amount over against Aetna and Hawkins. Judgment was further rendered in favor of Nelson against Employers for $750 as attorneys' fees and a penalty of 12% of $2149.96 for arbitrarily refusing to pay the claim under the collision policy. Nelson appeals seeking an award for loss of use of the car from July 4, 1969, until the date it was released to him, December 19, 1969. Employers also appeals complaining only of the award of penalties and attorneys' fees. By supplemental brief Employers denies liability for loss of use. It is conceded on appeal that the negligence of defendant was the sole and proximate cause of the accident. The correctness of the award of $2149.96 was neither briefed nor argued before this court and we consider it as conceded.
We shall first give consideration to the question of whether an award of $500 for the personal injuries received by Donna Nelson should be altered. Plaintiffs contend it is grossly inadequate, and defendants say it is excessive. Donna, a sophomore in high school, was returning from school about 3 o'clock in the afternoon when the car she was driving was struck from the rear. She did not suffer any immediate pain but during the same afternoon her parents took her to Dr. Andrew F. Jobe, their family physician. Dr. Jobe testified he examined her and found she had some pain "on extension or hyperflection of her neck". He examined her again about two weeks later and found "she had continued to have mild pain in the neck and a mild amount of muscle spasm". He recommended she see an orthopedic surgeon.
Donna was examined twice by Dr. Don Henry Burt, orthopedist, who testified she was suffering from a "myoligamentous strain-cervical area". Dr. Burt said her injury was painful but would not be permanent. She was never hospitalized and missed no more than three or four days from school which her mother testified was attributable to the accident.
Pain, although unaccompanied by objective signs of injury, is compensable because it is "damage" to the person suffering such pain. (La.C.C.Art. 2315). *658 This young girl is entitled to be reimbursed for this damage, and we think $500 is not excessive. However, in view of the mildness of her injury and suffering we are not convinced the trial judge abused his discretion in awarding her only $500. [La.C.C.Art. 1934(3)]. The item of $75 awarded to Mr. Nelson, individually, for the payment of medical expenses is not questioned.
Plaintiffs specify the lower court erred in not fixing the fees of the two physicians and taxing these as costs. This specification has merit. (La.Revised Statute 13:3666). Dr. Jobe and Dr. Burt each were required to attend court twice, and they testified as to the time it was necessary for them to be away from their offices. We find the record justifies a fee of $100 for each of the physicians, and this amount should be taxed as costs.
The next issue raised by plaintiff on appeal relates to the refusal of the lower court to permit recovery against the tort feasor and Aetna for the loss of the use of the wrecked vehicle while it was being repaired. Under La.C.C.Art. 2315, the party is entitled to be recompensed for any damages caused by the fault of a tort feasor. In interpreting this law our courts have held the owner of an automobile is entitled to recover damages for the temporary loss of the use of his car caused by the fault of another. However, it must be shown the loss was temporary, and recovery is limited to the damages incurred during the time required to make the necessary repairs to the vehicle. Additionally, the amount of such damages must be proved by a preponderance of evidence and not left to conjecture or speculation. Guillot v. Jones (La. App.Orl.1953), 67 So.2d 501 and cases cited therein. See also Wartell v. Hartford Insurance Company (La.App. 1 Cir. 1969), 219 So.2d 221.
In the instant case the evidence is vague and uncertain as to any damage suffered by Nelson while the automobile was being repaired. To the contrary, the testimony convinces us the wrecked automobile was being used almost exclusively by plaintiff's minor daughter for pleasure and for attending school. No testimony was offered to show Nelson was required to either rent or purchase a replacement vehicle while his own was being repaired. Rather, the daughter either rode with a school mate or was transported in the family car. We think this portion of Nelson's demands was properly rejected for lack of proof.
For the reasons assigned the consolidated judgment is amended and recast as to the parties to this appeal, and accordingly,
It is ordered, adjudged and decreed that there be judgment herein in favor of Thurman Nelson for and on behalf of his minor daughter, Donna Nelson, and against defendants, Ray Hawkins, individually and as administrator for the estate of his minor daughter, Martha Hawkins, and Aetna Casualty and Surety Company, in solido, in the amount of $500, with 5% per annum interest from the date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of Thurman Nelson, individually, and against defendants, Ray Hawkins, individually and as administrator of the estate of his minor daughter, Martha Hawkins, and Aetna Casualty and Surety Company, in solido, in the amount of $75 for medical expenses and $2,149.96 for repairs to his car, with 5% per annum interest from the date of judicial demand until paid.
It is further ordered, adjudged and decreed that the expert witness fees of Dr. Jobe and Dr. Burt are fixed at $100 each and taxed as costs of these proceedings.
It is further ordered, adjudged and decreed that Ray Hawkins, individually and on behalf of his minor daughter, Martha Hawkins, and Aetna Casualty and Surety Company shall pay all costs of these proceedings, including the cost of this appeal.