SCHOTT, Judge
(dissenting in part).
I respectfully dissent from that portion of the majority opinion which affirms the trial court’s award to plaintiff, Alvin J. Gauthreaux, of $756 which he paid to rent a replacement automobile.
There is no question but that a plaintiff is entitled to recover the cost of renting a replacement automobile while his damaged automobile is being repaired, but recovery is limited to the damages incurred during the time required to make the necessary repairs to the vehicle, and such damages must be proved by a preponderance of evidence and not left to conjecture or speculation. Nelson v. Hawkins, 244 So.2d 656 (La.App. 2nd Cir. 1971). At 22 Am.Jur.2d, Damages § 153, it is said that a plaintiff *613 may recover for the loss of use “during the time reasonably necessary to make the needed repairs.”
I am mindful of the Supreme Court’s discussion in Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971) to the effect that a plaintiff’s proof may be direct or circumstantial and constitutes a preponderance “when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.” Likewise, I have the benefit of the recent case of Coleman v. Victor, 326 So.2d 344 (La. 1976)[1] in which plaintiff’s testimony regarding cost of repair without objection and contradiction was found sufficient to establish the claim for property damage. But in that case there was some testimony or evidence to support the element of damage claimed, whereas in the present case there is none.
The sum total of plaintiff’s proof was that an accident occurred in which his car was damaged and the cost of repairing the damage exceeded his $100 deductible in his collision insurance policy. There are no repair estimates or bills, no photographs, not even a description of the extent to which the automobile was damaged. He produced only the bill from the automobile rental agency showing that he paid $756 for nine weeks for a replacement automobile. We can only speculate whether the repairs made to his vehicle were necessitated by the accident or included some additional repairs, and there is no basis whatsoever for concluding that nine weeks was a reasonable amount of time in which necessary repairs were made. Plaintiff did not prove that his $756 automobile rental bill was incurred because of the accident, but only that he did, in fact, rent an automobile for nine weeks after the accident.
I do not suggest that a plaintiff should be burdened with an impossible task in proving damages, but because this plaintiff offered no evidence whatsoever to support his claim in this case I would amend the judgment of the trial court to delete from the award the $756 for rental of the replacement automobile.

. 56,651 on the docket of the Supreme Court, decided January 19,1976.