THERIOT, J.
[¡¡The defendants-appellants, Marlon Co-sey and Citadel Insurance Company, the successor-in-interest to Gramercy Insurance Company, d/b/a GoAuto Insurance Company (“GoAuto”) (collectively “the defendants”), appeal a judgment rendered in favor of the plaintiffs-appellees, Kenneth Lopez Sr. and Kenneth Lopez Jr. (collectively “the Lopezes”), assigning 95% fault to Mr. Cosey and awarding the Lopezes damages for injuries they sustained in an automobile accident. For the following reasons, we reverse in part and affirm in part.
FACTS AND PROCEDURAL BACKGROUND
This dispute arises from an automobile accident that occurred on November 9, 2012, in Baker, Louisiana, along Groom Road, near its intersection with Clermont Street. The accident involved a 2010 Dodge Charger[1] driven by Mr. Cosey and a 2003 Dodge Stratus driven by Mr. Lopez Sr. and occupied by his son, Mr. Lopez Jr. The accident occurred shortly after Mr. Lopez Sr. backed out of his driveway and into the westbound lane of Groom Road, whereupon his vehicle was struck in the rear by Mr. Cosey’s vehicle. Mr. Cosey *21 pleaded no contest to a charge of driving while intoxicated. Mr. Lopez Sr. received and paid citations for careless operation and failure to yield.
Mr. Lopez Jr. was treated at the scene of the accident by emergency personnel and was transported to Lane Memorial Hospital, where he was prescribed pain medication and released. Mr. Lopez Jr. later sought chiropractic treatment from the Family Chiropractic Clinic in Baton Rouge, Louisiana, for neck, back, and knee pain. After approximately four months of treatment, Mr. Lopez Jr. was discharged from chiropractic care in March |4of 2013. Mr. Lopez Sr. was not treated at the scene of the accident, but likewise sought chiropractic treatment from the Family Chiropractic Clinic for back pain and stiffness. Mr. Lopez Sr. was also discharged from chiropractic care in March of 2013.
Two separate lawsuits were filed as a result of the accident. In February of 2013, Mr. Lopez Sr. filed suit against Mr. Cosey and his liability insurer, GoAuto, for injuries he sustained in the accident. In October of 2013, Mr. Lopez Jr. filed suit against Mr. Cosey, GoAuto, Mr. Lopez Sr., and Mr. Lopez Sr.’s liability insurer, Direct General Insurance Company of Louisiana (“Direct General”), for injuries he sustained in the accident. The Lopezes both claimed that Mr. Cosey was intoxicated at the time of the accident and prayed for an award of punitive or exemplary damages pursuant to La. C.C. art. 2315.4.[2]
In March of 2014, the trial court ordered the two lawsuits to be consolidated and proceed together to trial, since the causes of action arose out of a common occurrence and involved the same parties, witnesses, and issues of fact and law.
In February of 2015, the trial court signed a partial summary judgment in favor of GoAuto. The trial court ordered the dismissal of the Lopezes’ claims for punitive or exemplary damages against GoAu-to, as the liability insurer of Mr. Cosey, on grounds that GoAuto could not be held liable for these damages under the terms of its insurance agreement with Mr. Cosey.
|sThe matter ultimately proceeded before the trial court for a bench trial on the merits on March 24, 2015.[3] The trial court accepted evidence and heard testimony from Mr. Lopez Sr., Mr. Lopez Jr., Mr. Cosey, and Officer Ryan Lowe, the police officer who investigated the accident. The trial court took the matter under advisement and allowed the parties to submit post-trial memorandum. In October of 2015, after the trial, but before the rendition of final judgment, Mr. Lopez Jr. voluntarily dismissed his claims against Mr. Lopez Sr. and Direct General. The trial court signed its final judgment in the matter on December 29, 2015. The trial court assigned 5% fault to Mr. Lopez Sr. and 95% fault to Mr. Cosey; awarded Mr. Lopez Sr. $30,000.00 in general damages, $4,097.34 for medical expenses, $5,000.00 for loss of use, and $60,000.00 in punitive damages; and awarded Mr. Lopez Jr. $7,658.46 for medical expenses, $40,000.00 for pain and suffering, and $60,000.00 in *22 punitive damages. The defendants now appeal.
ASSIGNMENTS OF ERROR
The defendants raise the following assignments of error:
1. ' A vehicle entering a highway from a private driveway must yield to all approaching vehicles. This duty is heightened for a backing vehicle. Because Mr. Lopez Sr. backed from his private driveway onto a superior highway—he was ticketed and pleaded guilty to failing to yield— the trial court erred in holding Mr. Cosey 95% at fault.
2. A driver’s intoxication is only relevant if it is a cause-in-fact of the accident. Because the Lopezes never proved that Mr. Cosey’s intoxication was a cause-in-fact of the accident, the trial court erred in considering his intoxication in deciding its assessment of negligence.
3. A trial court has vast discretion in the award of damages. However, the awards of $40,000.00 and $30,000.00, respectively, in damages for four months of chiropractic care is beyond that which a reasonable trier of fact could award for the effects of the particular injury to the Lopezes. Thus, the trial court erred in its awards of damages.
|fi4. A trial court can award damages as prayed for and proven. Because Mr. Lopez Sr. admitted he did not own the vehicle damaged in the accident, presented no proof of loss of use, and did not specifically pray for this element of damages, the trial court erred in awarding him $5,000.00 for loss of use.
STANDARD OF REVIEW
Louisiana appellate courts review a trial court’s findings of fact under the manifest error or clearly wrong standard of review. See Mack v. Wiley, 07-2344 (La.App. 1 Cir. 5/2/08), 991 So.2d 479, 487, writ denied, 08-1181 (La. 9/19/08), 992 So.2d 932. In order to reverse a trial court’s factual finding under the manifest error standard of review, the appellate court must review the record in its entirety and 1) find that a reasonable factual basis does not exist for the finding, and 2) further determine that the record establishes that the fact finder was clearly wrong or manifestly erroneous. Detraz v. Lee, 05-1263 (La. 1/17/07), 950 So.2d 557, 561.
DISCUSSION

Allocation of Fault

In the defendants’ first and second assignments of error, taken together, they contend that the trial court committed manifest error in assigning 95% fault to Mr. Cosey. The defendants argue there was no evidence Mr. Cosey’s intoxication was a cause-in-fact of the accident, and they aver that, based upon the evidence presented at trial, Mr. Lopez Sr. should have been assigned with a higher percentage of comparative fault.
In allocating comparative fault, the trier of fact is bound to consider the nature of each party’s wrongful conduct and the extent of the causal relationship between the conduct and the damages claimed. Townes v. Liberty Mut. Ins. Co., 09-2110 (La.App. 1 Cir. 5/7/10), 41 So.3d 520, 529 (citing Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967, 974 (La.1985)). In assessing the conduct of the parties, the courts are guided by |7the factors articulated in Watson, 469 So.2d at 974, including: 1) whether the conduct resulted from inadvertence or involved an awareness of the danger; 2) how great a risk was created by the conduct; 3) the significance of what was sought by the *23 conduct; 4) the capacities of the actor, whether superior or inferior; and 5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Townes, 41 So.3d at 529.
Generally speaking, all motorists owe a duty to observe what should be observed. Harbin v. Ward, 13-1620 (La. App. 1 Cir. 5/29/14), 147 So.3d 213, 217. Additional duties may arise depending on the motorist’s movements on the roadway in relation to other vehicles. Id. Relevant to this case are those duties and presumptions associated with entering a roadway from a private driveway, following a motorist, and driving while intoxicated.
First, La. R.S. 32:124 provides, in pertinent part, that the driver of a motor vehicle about to enter or cross a highway from a private road, driveway,' alley, or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. The driver entering the highway has the primary duty to avoid a collision. The case law requires such motorist to exercise unusual, extreme, and high care with respect to the favored traffic. Harbin, 147 So.3d at218.
Second, La. R.S. 32:81(A) provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic and condition of the highway. The ease law has established a rebuttable presumption that | sa motorist who strikes a preceding motorist from the rear has breached the_ standard of care prescribed by La. R.S. 32:81 (A) and is therefore liable for the accident. Harbin, 147 So.3d at 218. This rule is based on the premise that a following motorist who rear-ends a preceding motorist has failed in his responsibility to maintain a sharp lookout or has followed at a distance that is insufficient to allow him to stop safely under normal conditions. Id.
Finally, all motorists have a duty not to drive while intoxicated. Various criminal and civil statutes, including La. R.S. 14:32.1, 39.1, 39.2, and 98, proscribe the act of driving a motor vehicle under the influence of alcohol. Toston v. Pardon, 03-1747 (La. 4/23/04), 874 So.2d 791, 802. However, a finding of intoxication, even gross intoxication, does not mandate a finding of liability, and is merely a factor to be considered under Louisiana’s comparative negligence scheme. Id. (citing Petre v. State ex rel. Dept. of Transp. & Develop., 01-0876 (La. 4/3/02), 817 So.2d 1107, 1113-14).
The photographic evidence in this case established that the driver’s front quarter of Mr. Cosey’s vehicle struck the passenger’s rear quarter of Mr. Lopez Sr.’s vehicle, but the witnesses provided conflicting testimony regarding the exact movements of the vehicles prior to the moment of impact. Mr. Lopez Jr. testified at trial that Mr. Lopez Sr. completely backed out onto the roadway and began moving forward in the westbound lane of Groom Road before the accident. Mr. Lopez Jr. testified that he looked back before his father began backing out and did not see Mr. Cosey’s vehicle. Mr. Lopez Jr. also stated that he did not hear anything, such as the sound of a horn or brakes, which may have indicated that a collision was imminent,
Mr. Lopez Sr. similarly testified that he looked back before backing his vehicle out onto the roadway and did not see Mr. Cosey’s vehicle. Mr. | ¡¡Lopez Sr. stated the accident happened after he completely backed up onto the roadway, placed his vehicle into “drive,” and advanced forward *24 approximately two or three car lengths. Mr. Lopez Sr. acknowledged on cross-examination that he received and paid traffic citations for careless operation and failure to yield, but maintained that his vehicle was completely within the westbound lane of Groom Road at the time of the accident.
Officer Lowe first testified that Mr. Lopez Sr.’s vehicle was completely within the westbound lane of Groom Road at the time of the accident, but then admitted on cross-examination he was unsure whether the vehicle was actually within the westbound lane or was moving forward at the time of the accident. Officer Lowe testified that Mr. Cosey had the right of way, but stated that Mr. Cosey was intoxicated and impaired to operate a motor vehicle. Officer Lowe testified that he arrested Mr. Cosey, performed a field sobriety test, and determined that Mr. Cosey had a blood alcohol concentration of 0.168%—over double the legal limit of 0.08% as per La. R.S. 14:98(A)(1)(b).
Mr. Cosey testified that he was traveling westbound along Groom Road at the posted speed' limit before the accident. Mr. Cosey stated Mr. Lopez Sr. suddenly backed his vehicle out onto the roadway when his own vehicle was approximately one car length behind the driveway. Mr. Cosey testified he did not have time to stop, Mr. Cosey admitted he had been drinking around the time of the accident, but denied he was intoxicated. Mr. Cosey also denied that Mr. Lopez Sr.’s vehicle was completely within the westbound lane or was moving forward at the time of the accident. He testified that Mr. Lopez Sr.’s vehicle was “back[ed] up over one lane to my lane.”
I mThe trial court ultimately assigned 95% fault to Mr. Cosey and 5% fault to Mr. Lopez Sr. The trial court explained that Mr. Lopez Sr. was “less than attentive,” but concluded that “the defendant failed to even apply his brakes to try and avoid impact.” The trial court specifically found that Mr. Coseos “faculties were somewhat impaired, as a result, with the consumption of alcoholic beverage.” The trial court’s allocation of comparative fault is reasonably premised upon its factual findings concerning the nature of each party’s wrongful conduct and the extent of the causal relationship between the conduct and the accident. See Townes, 41 So.3d at 529. Mindful that the trial court is entitled to great deference in its allocation of fault, see id., and that we may not substitute our own judgment for that of the trial court when the trial court’s ruling is based on a reasonable interpretation of the evidence, see Inzinna v. Walcott, 02-0582 (La.App. 1 Cir. 11/21/03), 868 So.2d 721, 726-27, in light of the totality of the evidence, we cannot say that the trial court’s allocation of fault is manifestly erroneous. The defendants’ first and second assignments of error do not merit relief.

Quantum

In the defendants’ third assignment of error, they contend that the trial court manifestly erred in awarding $40,000.00 and $30,000.00, respectively, in general damages to Mr. Lopez Jr. and Mr. Lopez Sr. The defendants point out that the Lopezes only received approximately four months of chiropractic care after the accident. The defendants argue that the trial court’s general damage awards are excessive and unsupported by the evidence.
General damages are those damages that cannot be fixed with any degree of pecuniary exactitude, but which instead involve mental or physical Inpain or suffering, inconvenience, the loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle, which cannot really be measured definitively in terms of money. See McGee v. A C & S, Inc., 05- *25 1036 (La. 7/10/06), 933 So.2d 770, 774. General damages are inherently speculative in nature. Miller v. LAMMICO, 07-1352 (La. 1/16/08), 973 So.2d 693, 711. Much discretion is left to the trier of fact in the assessment of general damages. See La. G.C. art. 2324.1.
In assessing general damages in a personal injury dispute, the trier of fact must consider the severity and duration of the injured party’s pain and suffering. See LeBlanc v. Stevenson, 00-0157 (La. 10/17/00), 770 So.2d 766, 772. The primary objective is to restore the injured party in as near a fashion as possible to the state he or she was in at the time immediately preceding injury. Turner v. Ostrowe, 01-1935 (La.App. 1 Cir. 9/27/02), 828 So.2d 1212, 1224, writ denied, 02-2940 (La. 2/7/03), 836 So.2d 107.
In this case, Mr. Lopez Jr. testified at trial that the accident was “massive” and that he began to experience pain and stiffness in his neck immediately after the impact. Mr. Lopez Jr. stated he was “tossed forward” and his right knee struck the glove compartment. Mr. Lopez Jr. stated he was treated at the scene of the accident by emergency personnel, who pulled him from the car, stabilized his neck, and transported him to Lane Memorial Hospital. Mr. Lopez Jr. further stated that he received approximately four months of chiropractic treatment. He indicated that although he was discharged from chiropractic care in March of 2013, he still had lingering complaints of neck and back as of the date of trial. Mr. Lopez Jr. submitted his medical records into evidence, which corroborated his testimony regarding emergency medical treatment and proved he was treated twenty-eight times by the Family Chiropractic Clinic.
112Mr. Lopez Sr. testified that although he did not receive emergency medical treatment at the scene of the accident, he began experiencing back pain and stiffness the following morning. Mr. Lopez Sr. testified that he never had back pain prior to the accident. He stated that he sought chiropractic care to deal with the back pain. Mr. Lopez Sr. testified that the chiropractic treatment helped alleviate, but did not resolve, his back pain. Mr. Lopez Sr. also submitted his medical records into evidence, which proved he was treated twenty-seven times by the Family Chiropractic Clinic.
Following the trial, the trial court awarded Mr. Lopez Jr. $40,000.00 in damages for pain and suffering and awarded Mr. Lopez Sr. $30,000.00 in general damages. The trial court’s general damage awards are admittedly on the high side, but, considering the record as a whole, including the medical evidence and the testimony presented at trial, wherein the Lo-pezes both stated that they had lingering complaints of pain nearly two-and-one-half years after the accident, we cannot say that the awards constitute an abuse of the “vast discretion” accorded to the trier of fact. See Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The deféndants’ third assignment of error does not merit relief.

Loss of Use

In the defendants’ fourth assignment of error, they assert Mr. Lopez Sr. admitted he did not own the vehicle damaged in the accident, presented no proof of loss of use, and did not specifically pray for this element of damages. Therefore, they contend the trial court erred in awarding Mr. Lopez Sr. damages for loss of use. Relatedly, the defendants filed an exception of no right of action with this court during the pendency of the | ,sappeal, wherein they contend Mr. Lopez Sr. did *26 not enjoy a right of action to recover damages for loss of use.
In this case, Mr. Lopez Sr. testified at trial that the vehicle involved in the accident, which was registered under his wife’s name, was rendered inoperable and had never been repaired. Mr. Lopez Sr. responded in the affirmative when asked by counsel whether he had been inconvenienced in “getting from .., Point A to Point B to work and all” by the loss of use of the vehicle. However, no additional evidence was offered to substantiate the alleged inconvenience. The trial court nevertheless determined that Mr. Lopez Sr. “was denied the use of his vehicle by which defendant is responsible!!,]” and awarded Mr. Lopez Sr. $5,000.00 in damages for loss of use.
We find that the trial court’s award of damages for loss of use is unsupported by the evidence and must be reversed. The record is devoid of evidence that Mr. Lopez Sr. suffered actual damages or incurred expenses, such as a car rental, as a direct result of the loss of use of the vehicle involved in the accident. In the absence of proof of actual damages suffered by Mr. Lopez Sr. as a result of the loss of use of the vehicle, we are constrained to conclude that the trial court committed manifest error in awarding $5,000.00 in damages for loss of use. See Wartell v. Hartford Ins. Co., 219 So.2d 221, 222-23 (La. App. 1 Cir. 1969) (reversing award of $300.00 to plaintiff for loss of use of his car where there was no showing plaintiff suffered actual damages). See also Pellegrin v. Hebert, 107 So.2d 853, 857 (La. App. 1 Cir. 1959) (affirming decision of trial court denying plaintiffs claim for loss of use of a vehicle where the damaged vehicle was | Mnever repaired and the claim for inconvenience suffered was too speculative). The defendants’ final assignment of error has merit.[4]
DECREE
For the foregoing reasons, we deny the exception of no right of action and reverse that portion of the trial court’s judgment granting $5,000.00 in damages for loss of use to Kenneth Lopez Sr. In all other respects, the trial court’s judgment is affirmed. Costs of this appeal are to be split between the defendants-appellants, Marlon Cosey and Citadel Insurance Company, the successor-in-interest to Gramercy Insurance Company, d/b/a GoAuto Insurance Company, and the plaintiffs-appellees, Kenneth Lopez Sr. and Kenneth Lopez Jr.
EXCEPTION DENIED; JUDGEMENT REVERSED IN PART, AND AFFIRMED IN PART.

. Mr. Cosey’s vehicle is occasionally misidentified in the record as a 2010 Dodge Challenger.

. Louisiana Civil Code art. 2315.4 states that in addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause-in-fact of the resulting injuries.

. According to the minute entry for July 27, 2015, the trial court held an additional hearing with respect to the issue of quantum on this date. However, the record only includes a transcript of the trial on the merits, and does not contain a transcript of any subsequent hearing.

. Having found that Mr. Lopez Sr. failed to present sufficient proof of damages for loss of use, we decline to consider whether he enjoyed a right of action to recover damages for loss of use under the rules governing the management of community property and enforcement of community rights as set forth by La. C.C. art. 2351 and La. C.C.P. art. 686. We recognize the relevance of La. C.C. art. 2351 and La. C.C.P. art. 686 as it pertains to a claim for property damage in a personal injury dispute, see generally, Banks v. Rattler, 426 So.2d 362, 364-65 (La. App. 2 Cir. 1983), but pretermit decision as to whether or not Mr. Lopez Sr. enjoyed a right of action to pursue damages arising from the loss of use of the vehicle, since, under the facts of this case, even if he did enjoy a right of action to pursue damages for loss of use, the record does not support the trial court’s award of damages. Therefore, we deny the exception of no right of action as moot.