GUIDRY, J.
 

 |2In this writ application, a bar owner challenges the trial court’s grant of a motion in limine, wherein the trial court ordered that La. R.S. 9:2798.4, which bars an operator from recovering damages resulting from a motor vehicle accident if the operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration beyond the legal limits, could not be applied in an action in which intoxication contributed to the eighteen-year-old plaintiffs accident. For the following reasons, we grant the writ application, reverse the trial court’s ruling granting the motion in limine, and hereby deny the motion.
 

 FACTS AND PROCEDURAL HISTORY
 

 On August 9, 2003, Katherine Leigh Stewart, who was eighteen years of age, was working as a bartender at Daiquiri Affair, Inc. At 10:00 p.m., her shift ended and she was relieved from duty by another bartender. Following her shift, Ms. Stewart consumed two daiquiris at Daiquiri Affair, Inc., where she remained until approximately 3:30 a.m. After Ms. Stewart left Daiquiri Affair, Inc., she was involved in a one-car accident on Louisiana Highway 427 when her vehicle left the roadway, hit two culverts, and flipped several times. She was transported to Our Lady of the Lake Regional Medical Center where a blood sample was drawn, which revealed that her blood alcohol level was above the legal limit.
 
 [1]
 

 Ms. Stewart filed suit against Daiquiri Affair, Inc.,
 
 [2]
 
 and its owners, Kerry L. Denny and Robert J. Baudry, Jr.
 
 [3]
 
 (hereinafter collectively “Daiquiri Affair”), alleging that Daiquiri Affair breached its duty not to allow an underage person to | ^consume alcohol on its premises. Daiquiri Affair asserted immunity under La. R.S. 9:2798.4, which provides that a motor vehicle operator found to be in excess of twenty-five percent negligent due to intoxication cannot recover against any other person who may be liable for the accident. Ms. Stewart, in turn, filed a motion in limine requesting that the trial court issue an order finding that the provisions of La. R.S. 9:2798.4 cannot be applied to preclude recovery in this case. The trial court granted the motion finding that La. R.S. 9:2798.4 applied to Ms. Stewart’s motor vehicle accident, but not the intoxication that contributed to it. Daiquiri Affair sub
 
 *1043
 
 sequently filed a writ application with this court seeking review of the trial court’s ruling. On September 24, 2008, we granted certiorari in this matter to consider whether the trial court erred in granting the motion in limine.
 

 DISCUSSION
 

 On the date of the accident, La. R.S. 9:2798.4(A) provided, in pertinent part, as follows:
 
 [4]
 

 Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
 

 (1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood ...
 

 The statute further specifies in paragraph (B)(1) that it does not apply unless “[t]he operator is found to be in excess of twenty-five percent negligent as a result of blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b).” The only exception specifically recognized in the statute is that it does not apply if the operator is taking a substance pursuant to a valid prescription. La. R.S. 9:2798.4(D).
 

 |4Daiquiri Affair contends that the statute, on its face, applies in this instance insofar as Ms. Stewart is requesting damages for injuries that she received while she was operating a motor vehicle when her blood alcohol level exceeded the legal limit. Daiquiri Affair urges that Ms. Stewart is asking the court to read into the statute an exception to its plain language, i.e., that “nor any person other than a bar owner shall be liable for damages ...” (Emphasis added.) Daiquiri Affair concludes that Ms. Stewart’s position is not supported by the language of the statute nor does she cite any article or other statutory provision that supersedes the plain language of La. R.S. 9:2798.4.
 

 Daiquiri Affair contends that both the trial court and Ms. Stewart hinge the restrictive application of La. R.S. 9:2798.4 on the fiction of there being two separate incidents — the intoxication and the motor vehicle accident. However, Daiquiri Affair contends that while there could be more than one tortfeasor and more than one contributing cause, there was only one accident. Daiquiri Affair concludes that a straightforward analysis of the wording of La. R.S. 9:2798.4 bars recovery if Ms. Stewart is found in excess of twenty-five percent negligent as a result of her blood alcohol concentration being in excess of the legal limits.
 

 In opposition, Ms. Stewart notes that immunity statutes must be strictly construed against the party claiming immunity.
 
 Weber v. State,
 
 93-0062 (La.4/11/94), 635 So.2d 188, 193. Ms. Stewart contends that application of La. R.S. 9:2798.4 depends upon whether the operator’s negligence resulted from legal intoxication. Ms. Stewart asserts that in the case of a motor vehicle accident, the statute seeks to punish a driver’s negligence, which results from legal intoxication if the driver is found to be greater than twenty-five percent at fault, by absolving the other tort-feasors who may have caused or contributed to the accident. Ms. Stewart maintains, however, that the statute does not immunize anyone who may have actually contributed to the intoxication itself. Ms.
 
 *1044
 
 Stewart concludes that fallowing Daiquiri Affair to be immunized by La. R.S. 9:2798.4, when it contributed to Ms. Stewart’s intoxication, would be contrary to La. R.S. 9:2798.4’s goal of punishing legal intoxication.
 

 Similarly, Ms. Stewart notes that La. R.S. 9:2798.4 indicates that the statutory threshold for determining whether the statute even applies is the legal limit of intoxication provided in La. R.S. 14:98(A)(l)(b), which, at the time of the accident, was a blood alcohol concentration of “0.10 percent or more.”
 
 [5]
 
 Ms. Stewart contends that while La. R.S. 14:98(A)(l)(b) provides the legal limit for persons twenty-one years of age and over, it does not provide the legal limit for persons under the age of twenty-one. Ms. Stewart notes that La. R.S. 14:98.1 provides that “[t]he crime of underage operating a vehicle while intoxicated is the operating of any motor vehicle ... when the operator’s blood alcohol concentration is 0.02 percent or more by weight if the operator is under the age of twenty-one ...” Ms. Stewart notes that she was eighteen at the time of the accident, so she was subject to the lesser threshold for blood alcohol concentration provided in La. R.S. 14:98.1. Ms. Stewart concludes that La. R.S. 9:2798.4, by confining the threshold legal intoxication to the limit assigned in La. R.S. 14:98, clearly does not apply to persons under age twenty-one.
 

 Ms. Stewart also contends that La. R.S. 9:2798.4 does not apply within the context of “dram shop” liability. Ms. Stewart notes that long before La. R.S. 9:2798.4 was enacted, La. R.S. 9:2800.1 limited liability for those selling and serving alcohol. Therein, the Legislature declared that the selling or serving of alcohol is not the proximate cause of damages sustained as a result of alcohol intoxication. La. R.S. 9:2800.1(A). However, the immunity afforded therein only applies if the vendor or social host serves, furnishes, or sells alcohol to persons |fi“over the age for the lawful purchase thereof.” La. R.S. 9:2800.1(B) and (C). Accordingly, Louisiana courts have recognized that the immunity afforded under La. R.S. 9:2800.1 does not extend to vendors or social hosts when they provide alcohol to persons under the age of twenty-one.
 
 See Berg v. Zummo,
 
 00-1699, pp. 8-9 (La.4/25/01), 786 So.2d 708, 714;
 
 Spears v. Bardford,
 
 94-0892, p. 6 n. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 628, 632 n. 3; and
 
 Colgate v. Mughal Bros., Inc.,
 
 36,754, p. 5 (La.App. 2 Cir. 1/29/03), 836 So.2d 1229, 1233,
 
 writ denied,
 
 03-0923 (La.5/16/03), 843 So.2d 1136. In
 
 Berg,
 
 the Louisiana Supreme Court noted:
 

 [T]he difference between selling and serving alcohol to an adult and a minor is tremendous. Legislation has been enacted specifically pertaining to the sale of alcohol to minors, and although those statutes impose criminal, rather than civil, responsibility, they serve as guidelines for the determination of an alcoholic beverage vendor’s duty to refrain from selling or serving alcohol to minors. It further evidences the public policy of this state to prohibit the sale of alcohol to minors and to protect minors and the general public from the effects of a minor’s intoxication, particularly when the minor is operating an automobile.
 

 00-1699 at p. 11, 786 So.2d at 715. Ms. Stewart concludes that applying La. R.S. 9:2798.4 in this instance would eviscerate this state’s policy protecting persons under
 
 *1045
 
 the age of twenty-one from consuming alcohol.
 

 The fundamental question in all cases involving statutory interpretation is legislative intent and the ascertainment of the reason or reasons that prompted the Legislature to enact the law.
 
 Pumphrey v. City of New Orleans,
 
 05-979, p. 10 (La.4/4/06), 925 So.2d 1202, 1209. The rules of statutory construction are designed to ascertain and enforce the intent of the Legislature.
 
 Pumphrey,
 
 05-979 at p. 10, 925 So.2d at 1209. Legislation is the solemn expression of legislative will and the letter of the law shall not be disregarded under the pretext of pursuing its spirit. La. C.C. art. 2; La. R.S. 1:4.
 

 Laws that are clear and unambiguous are to be applied as written provided that their application does not lead to absurd consequences. La. C.C. art. 9. Laws |7on the same subject matter must be interpreted in
 
 pañ materia,
 
 or in reference to each other. La. C.C. art. 13. Laws are presumed to be passed with full knowledge of all existing ones on the same subject and with appreciation of the principles of statutory construction.
 
 Wartelle v. Women’s and Children’s Hosp., Inc.,
 
 97-0744, p. 7 (La.12/2/97), 704 So.2d 778, 782. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it.
 
 Pumphrey,
 
 05-979 at p. 11, 925 So.2d at 1210. The statute must, therefore, be applied and interpreted in a manner, which is consistent with the logic and presumed fair purpose and intention of the Legislature in passing it.
 
 Pum-phrey,
 
 05-979 at p. 11, 925 So.2d at 1210.
 

 We note that the Legislature’s purpose in adopting La. R.S. 9:2798.4 was to preclude recovery of damages for those who choose to operate a vehicle while under the influence of alcoholic beverages or drugs. In furtherance of its intended purpose, the Legislature drafted the statute broadly, providing that no “person shall be liable for damages” to an operator who “is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b).” Although Ms. Stewart maintains that the statute only contemplates “legal” intoxication insofar as it references the limits provided under La. R.S. 14:98(A)(l)(b), we note that application of La. R.S. 14:98 is not limited to persons twenty-one years of age and older. While La. R.S. 14:98.1 allows individuals under the age of twenty-one to be charged with the crime of underage operation of a vehicle while intoxicated if their blood alcohol concentration level exceeds 0.02, we note that La. R.S. 14:98.1 does not preclude an underage drinker’s prosecution under La. R.S. 14:98 in the event that the operator meets the requirements of both statutes. La. R.S. 14:4. Clearly, if only [sthe requirements of La. R.S. 14:98.1 were met, then the immunity afforded under La. R.S. 9:2798.4 would not apply. Notwithstanding the different threshold blood alcohol concentration levels recognized by the two criminal statutes, the Legislature’s sole purpose for referencing La. R.S. 14:98(A)(l)(b) was to provide the minimum threshold in order for the immunity in La. R.S. 9:2798.4 to apply.
 

 We also note that La. R.S. 9:2800.1 was enacted to give vendors and social hosts immunity when they serve, furnish, or sell alcohol to persons who may lawfully purchase such beverages. Although the Legislature limited the immunity available under La. R.S. 9:2800.1 to vendors and social hosts that served alcoholic beverages to drinkers of lawful age, it created no
 
 *1046
 
 additional rights in favor of underage drinkers. This is illustrated by the fact that even if a vendor or social host sells or provides alcohol to an underage drinker and that person causes damage as a result of his intoxication, no absolute liability attaches to a vendor or social host. Rather, courts utilize the traditional duty/risk analysis to determine whether the vendor or social host violated general negligence principles.
 
 See Colgate,
 
 36,754 at p. 6, 836 So.2d at 1233.
 

 Cognizant of the limitation on immunity provided vendors and social hosts in La. R.S. 9:2800.1, the Legislature did not exclude those who serve, furnish, or sell alcohol to persons under the age of twenty-one from the immunity provided to “any person” under La. R.S. 9:2798.4.
 
 [6]
 
 Under a plain reading of La. R.S. 9:2798.4, the Legislature intended to preclude those who choose to drink and drive and risk harm to themselves and to others from recovering damages from any person for their own injuries. As such, an underage drinker can be precluded from recovering damages in a motor vehicle accident if her fault exceeds twenty-five percent as a result of a blood alcohol concentration in excess of the limits provided in La. R.S. 14:98(A)(l)(b).
 

 |9We recognize the significant interest the state has in curbing underage drinking in order to protect the public health and general welfare. While Ms. Stewart maintains that vendors will no longer fear the implications of serving alcohol to persons under the age of twenty-one if La. R.S. 9:2798.4 is applied in this instance, we note that vendors are still subject to criminal penalties for serving alcohol to underage persons. La. R.S. 14:93.11. Likewise, a vendor’s permit to sell alcohol is subject to suspension or revocation for serving alcohol to underage persons. La. R.S. 26:90 and La. R.S. 26:286. Moreover, La. R.S. 9:2798.4 does not insulate vendors from liability for damages caused to third parties injured as a result of the operator’s negligence or for other injuries resulting to an underage patron that do not fall within the ambit of La. R.S. 9:2798.4, i.e., those that arise outside of the operation of a motor vehicle. As such, the state’s interest in decreasing underage drinking is not deterred if La. R.S. 9:2798.4 is applied, as written, under these circumstances.
 

 Additionally, Ms. Stewart urges that a strict interpretation could lead to absurd results insofar as it could preclude recovery to an operator whose nonalcoholic beverage had been unknowingly tampered with by another individual. However, unlike the scenario posed, we note that Ms. Stewart voluntarily chose to consume alcohol prior to leaving the Daiquiri Affair. Moreover, although Ms. Stewart was an underage drinker, she was no longer a minor and had reached the full age of majority. La. C.C. art. 29. The Legislature has permitted individuals who have reached the full age of majority to be employed in establishments that serve alcohol. La. R.S. 26:90(A)(3)(b) and (A)(8)(a) and La. R.S. 26:286(A)(3)(b) and (A)(8)(a). The age of eighteen is the point where society draws the line for many purposes between childhood and adulthood.
 
 State v. Campbell,
 
 06-0286, p. 27 (La.5/21/08), 983 So.2d 810, 830,
 
 cert. denied,
 
 - U.S. -, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008). Upon attaining the age of eighteen, persons are treated as 110adults under the law, and are accordingly assigned the responsibilities and obligations of an adult under the law.
 
 Manu
 
 
 *1047
 

 el v. State,
 
 95-2189, p. 16 (La.3/8/96), 692 So.2d 320, 330. Therefore, applying the statute as written in this instance would not lead to an absurd result, nor would such an application be inconsistent with the legislative intent to preclude those operators who drink and drive from recovering damages when they are determined to be in excess of twenty-five percent negligent as a result of the intoxication.
 

 CONCLUSION
 

 For the foregoing reasons, we hereby grant the writ application, reverse the trial court’s judgment granting Ms. Stewart’s motion in limine, and hereby deny the motion.
 

 WRIT GRANTED. JUDGMENT GRANTING MOTION IN LIMINE REVERSED. MOTION IN LIMINE DENIED.
 

 DOWNING, J., dissents.
 

 GAIDRY, J., dissents and assigns reasons.
 

 GAIDRY, J., dissents and assigns reasons.
 

 hi must respectfully dissent because I believe that La. R.S. 9:2798.4 is inapplicable to bar owners, regardless of the age of the patron, because its application produces an absurd result or one that is contrary to public policy and because La. R.S. 9:2800.1 already governs bar owners’ liability. First, in the ease of bar patrons of legal drinking age, La. R.S. 9:2800.1 has already absolved the bar owners of liability; there is no need for La. R.S. 9:2798.4 to do so. Further, in the case of underage drinkers, La. R.S. 9:2800.1 provides no immunity to bar owners. Application of La. R.S. 9:2798.4 to a case involving a bar owner serving alcoholic beverages to an underage drinker would result in liability of the bar owner to the underage drinker in a case where the bar owner served alcohol to an underage patron and the intoxicated patron was less than twenty-five percent at fault in causing an accident, but no liability for the bar owner if the underage drinker became so intoxicated that he was more than twenty-five percent at fault in causing an accident. This result is absurd and clearly contrary to public policy and the only reasonable interpretation of the statutes is that La. R.S. 9:2798.4 does not apply to bar owners. I believe that the court |2should instead apply a duty-risk analysis to determine the liability of the bar owner.
 

 [1]
 

 . Ms. Stewart’s blood alcohol level was 223.8 mg/dL. At the time of the accident, the legal limit was 100 mg/dL.
 

 [2]
 

 . Ms. Stewart also named French Quarler Daiquiris, Inc. as a defendant, alleging that the retail business at issue is operated under that trade name. Ms. Stewart further named French Quarter Retreat, Inc. and Essen Lane Daiquiris as defendants, asserting that they are also owned and operated by the other defendants.
 

 [3]
 

 .Ms. Stewart named Baudry as a defendant in her Second Supplemental and Amending Petition for Damages.
 

 [4]
 

 . Louisiana Revised Statutes 9:2798.4(A)(4) was later amended pursuant to 2004 La. Acts, No. 394, § 1 to lower the blood alcohol concentration level to 0.08 percent.
 

 [5]
 

 . Prior to Ms. Stewart's accident, La. R.S. 14:98(A)( 1 )(b) had been amended pursuant to 2001 La. Acts No.
 
 781, §
 
 1 to lower the blood alcohol concentration to 0.08 percent, but the amendment did not become effective until September 30, 2003.
 

 [6]
 

 . Louisiana Revised Statutes 9:2800.1 was added by 1986 La. Acts No. 18, § 1, effective June 6, 1986, while La. R.S. 9:2798.4 was added by 1999 La. Acts No. 1224, § 1, effective July 9, 1999.