MARION F. EDWARDS, Chief Judge.
 

 12Plaintiffs/appeIlants, Douglas Stead and Charlotte Bremermann, appeal the granting of a Motion for Summary Judgment in favor of defendant/appellee, Susan Swanner (“Swanner”), dismissing her from
 
 *1151
 
 the wrongful death suit brought by appellants.
 

 The action arises from the death of appellants’ son, Preston Taylor Stead (“Stead”), in an automobile accident following a party at Swanner’s home on January 27, 2007. At that party, alcohol was consumed by a number of underage drinkers. It was alleged that, due to his overcon-sumption of alcohol, Stead became legally intoxicated, lost control of the vehicle he was driving, and suffered a major accident, causing him to suffer injuries that ultimately resulted in his death.
 

 In 2008, Swanner filed an Exception of No Cause of Action, arguing that she had no duty to supervise the minors at the party. The exception was denied. In 2009, the exception was reargued along with a Motion For Summary Judgment in lawhich Swanner averred, among other things, that La. R.S. 9:2798.4 applied to the case. Following a hearing, the trial court granted summary judgment in favor of Swanner, finding that La. R.S. 9:2798.4 operated to grant immunity to Swanner. The Exception of No Cause of Action was pretermitted.
 

 In determining whether summary judgment is appropriate, appellate courts review the evidence de novo, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.
 
 [1]
 

 La. 9:2798.4 reads, in pertinent part, as follows:
 

 A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
 

 (1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood;
 

 B. The provisions of this Section shall not apply unless:
 

 (1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b), or the operator is found to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S 14:98(A)(l)(c); and
 

 (2) This negligence was a contributing factor causing the damage.
 

 In the present case, Stead’s blood alcohol was .119 percent. The petition alleged that “because of his intoxicated condition and the resulting impairment, Preston Taylor Stead lost control of the vehicle which he was operating, resulting in a violent automobile accident which caused serious injuries to and the ultimate |4death of Preston Taylor Stead.... ” On appeal, Swanner contends this allegation is a concession that Stead’s intoxication was the sole cause of the accident and, thus, the immunity of La. R.S. 9:2798.4 applies to absolve her of liability.
 

 On review, we find that La. R.S. 9:2798.4 does not apply to the present case. The rules of statutory interpretation require that a statute’s meaning and intent is determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction
 
 *1152
 
 should be placed on the provisions in question which are consistent with the express terms of the statutes and with the obvious intent of the legislature in its enactment of the statutes.
 
 [2]
 
 Where it is possible, the courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions.
 
 [3]
 
 However, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.
 
 [4]
 

 La. R.S. 9:2800.1 grants immunity to any seller of intoxicating beverages, or any social host, who serves alcoholic beverages to anyone over the age for lawful purchase. La. R.S. 9:2798.4 is far more general in scope, encompassing any party with whom a legally intoxicated driver is involved with in an accident. Thus, R.S. 9:2800.1 is more specifically directed to the matter at issue and is the appropriate law to be applied here.
 

 Furthermore, a strict reading of La. R.S. 9:2798.4 leads to the conclusion that, if a plaintiff suffers a loss as the result of driving while legally intoxicated, the state or “any person” may be may be held liable for injuries if the drinker is less than 25 percent at fault but is not liable if he or she is so intoxicated that their fault exceeds 25 percent. Such a result is contrary to public policy, patently absurd, and | r,cannot have been the intent of the legislature. Because of our finding that it is inapplicable, we decline to attempt to divine legislative intent in enacting this portion of the statute.
 

 In addition, even if La. R.S. 9:2798.4 were applicable, and we could interpret it as Swanner suggests, there must be a finding that Stead was in excess of twenty-five percent negligent
 
 as a result of a blood alcohol concentration
 
 in excess of the limits provided in R.S. 14:98(A)(l)(b). We do not construe the allegation in the petition as an admission establishing the percentage of fault. The depositions admitted in connection with the motion indicate that Stead was not necessarily a “safe” driver even when he was not drinking, that he had raced his vehicle on other occasions, and that he often drove over the speed limit, etc. Some persons stated that he did not appear to be intoxicated when he got into his car. Therefore, there are questions of fact as to whether the accident and Stead’s negligence were the result of his blood alcohol level. There is also conflicting testimony as to Swanner’s knowledge and/or acquiescence regarding the drinking that occurred in her home and even on the night of the accident. Under these circumstances, summary judgment is clearly improper.
 

 Swanner urges that
 
 Stewart v. Daiquiri Affair, Inc.
 

 [5]
 

 is directly on point. In that case, the First Circuit determined that a bar owner was included under those persons to be given immunity under La. R.S. 9:2798.4 and that an underage drinker can be precluded from recovering damages in a motor vehicle accident if her fault exceeds twenty-five percent as a result of a blood alcohol concentration in excess of the limits provided in the statute. In addition to finding that statute is inapplicable to the matter before us, a case from another
 
 *1153
 
 circuit is not controlling. We further note that the plaintiff in
 
 Stewart
 
 was an eighteen-year-old bartender |fiwho drank two daiquiris after her shift ended before leaving and becoming involved in an accident. The court there noted that, although the plaintiff was underage, she was, unlike Stead, no longer a minor and had reached the full age of majority; moreover, she was old enough to obtain a job at an establishment serving alcohol. The age of eighteen is the point where society draws the line for many purposes between childhood and adulthood.
 
 [6]
 
 Upon attaining the age of eighteen, persons are treated as adults under the law, and are accordingly assigned the responsibilities and obligations of an adult under the law.
 
 [7]
 
 The First Circuit also found the defendant, as a licensed dispenser of alcoholic beverages, could be subject to criminal penalties for selling alcohol to underage drinkers.
 
 Stewart
 
 is not on point.
 

 Under La. R.S. 9:2800.1, the jurisprudence has found that when a bar [or social host] serves alcohol to a minor and that minor causes damage to another because of his intoxication, La. R.S. 9:2800.1 does not immunize it from liability, nor is it absolutely liable; instead, the court must determine whether the vendor violated general negligence principles, applying the traditional duty-risk analysis.
 
 [8]
 
 In the present instance, a duty-risk analysis under negligence principles is appropriate. The trial court erred in granting summary judgment.
 

 Swanner answered the appeal, urging that the court erred in failing to grant dismissal based on a finding that there is no cause of action for injuries to a minor guest when the host did not provide any alcohol and had no actual knowledge of alcoholic consumption. Swanner further argues that if such a duty exists, the undisputed facts compel a conclusion that the duty had not been breached, or that any breach was a cause-in-fact of the accident.
 

 |7La. R.S. 9:2800.1(0(2) provides immunity to a social host who lawfully occupies premises on which, in his absence and without his consent, intoxicating beverages of either high or low alcoholic content are consumed. Because Stead was a minor, a duty-risk analysis is required, making summary judgment inappropriate. Additionally, the petition averred the salient facts relevant to Swanner, Stead’s minority, intoxication, and subsequent accident and, thus, stated a cause of action.
 

 The trial court’s judgment is reversed, and the matter is remanded for further proceedings. Costs are assessed to Swan-ner.
 

 REVERSED AND REMANDED.
 

 [1]
 

 .
 
 Samaha v. Rau,
 
 07-1726 (La.2/26/08), 977 So.2d 880.
 

 [2]
 

 .
 
 Richard v. Hall,
 
 03-1488 (La.4/23/04), 874 So.2d 131.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 .
 
 City of Pineville v. Am. Fed’n of State, County, and Mun. Employees, AFL-CIO, Local 3352,
 
 00-1983 (La.6/29/01), 791 So.2d 609.
 

 [5]
 

 .08-1804 (La.App. 1 Cir.2009), 20 So.3d 1041,
 
 writ denied,
 
 09-1337 (La.10/16/09), 19 So.3d 477.
 

 [6]
 

 .
 
 Id.
 
 (citing
 
 State v. Campbell,
 
 06-0286 (La.5/21/08), 983 So.2d 810, 830,
 
 cert. denied,
 
 - U.S. -, 129 S.Ct. 607, 172 L.Ed.2d 471 (2008)).
 

 [7]
 

 .
 
 Stewart, supra
 
 (citing
 
 Manuel v. State,
 
 95-2189, p. 16 (La.3/8/96), 692 So.2d 320).
 

 [8]
 

 .
 
 Berg v. Zummo,
 
 00-1699 (La.4/25/01), 786 So.2d 708.