PETTIGREW, J.
 

 |2In this personal injury action, plaintiffs, Christopher Townes and Deborah Dossett, challenge the trial court’s June 1, 2009 judgment whereby Mr. Townes’ demands were dismissed, with prejudice, and Deborah and Harry Dossett were awarded $1,387.50 in damages, together with legal interest from the date of judicial demand, against the defendants, in connection with the accident sued upon herein. For the reasons set forth more fully below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On November 10, 2005, at approximately 8:50 p.m., Danny Tumlinson was travelling westbound on Highway 182 in St. Mary Parish and made a right turn into the driveway of Progress Marine to pick up a load. Mr. Tumlinson was driving a 1988 International truck and pulling a flatbed trailer. He was in the course and scope of his employment with Ace Transportation, Inc. (“Ace”) at the time. A worker for Progress Marine instructed Mr. Tumlinson that he would have to enter from the next gate to the west, so Mr. Tumlinson began to back up onto Highway 182. At the same time, Christopher Townes, who was driving a 1996 Saturn owned by his mother, Deborah Dossett, was eastbound on Highway 182. The two vehicles collided as Mr. Tumlinson’s truck encroached into the eastbound lane of Highway 182.
 

 As a result of the injuries he sustained in the accident, Mr. Townes filed suit against Mr. Tumlinson, Ace, and its insurer, Liberty Mutual Insurance Company
 
 [1]
 
 (hereinafter defendants). The Dossetts also filed suit against the same defendants seeking recovery of property damage for the total loss of the automobile, which the parties stipulated was valued at $2,775.00.
 
 *523
 
 The defendants answered Mr. Townes’ claims, alleging that Mr. Townes was intoxicated at the time of the accident, i.e., his blood |3alcohol content (“BAC”) was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood
 
 (See
 
 La. R.S. 14:98(A)(l)(b)); that as a result of his intoxication, Mr. Townes’ negligence was in excess of 25 percent; and that such negligence was a contributing factor in causing his alleged damages. Citing these factors, the defendants urged that La. R.S. 9:2798.4 operated as a complete bar to any recovery by any of the plaintiffs from any of the answering defendants and as complete immunity of the answering defendants from any liability to any of the plaintiffs. Mr. Tumlinson also filed a re-conventional demand and third party demand against Mr. Townes and Dairyland County Mutual Insurance Company, as insurer of the vehicle Mr. Townes was operating at the time of the accident.
 
 [2]
 

 The matter proceeded to a jury trial on May 11, 2009 through May 14, 2009. After hearing the evidence and considering the applicable law, the jury returned a verdict finding that Mr. Townes was operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood, that Mr. Townes was negligent as a result of operating his vehicle while his BAC was 0.08 percent or more, th at the percent of negligence attributable to Mr. Townes as a result of his operating his vehicle while his BAC was 0.08 percent or more was 50 percent, and that such negligence was a contributing factor in causing his damages. Based upon these findings of the jury, Mr. Townes was barred from recovery pursuant to La. R.S. 9:2798.4. The jury verdict was reduced to a formal judgment on June 1, 2009. Also included in the trial court’s judgment was a property damage award in favor of the Dossetts in the amount of $1,387.50, together with legal interest from the date of judicial demand. The trial court ordered each party to bear its own court costs, including any expert fees. This appeal by Mr. Townes and Ms. Dossett followed.
 

 | .ASSIGNMENTS OF ERROR
 

 1) On the verdict form, the trial court committed legal error by not requiring the jury to determine the degree or percentage of fault of all persons causing or contributing to the injury or loss as required by Louisiana Civil Code Art. 2323;
 

 2) On the verdict form, the trial court erred by granting immunity to defendants without requiring the jury to determine a percentage of negligence contributable to all persons causing plaintiffs injuries as required by Louisiana C.C. Art. 2323 and LSA-R.S. 9:2798.4;
 

 3) On the verdict form, the trial court committed legal error by requiring the jury to decide factual issues based upon prejudice and public opinion alone, contrary to the trial court’s jury instructions;
 

 4) On the verdict form, the trial court erred by not giving required instructions necessary to enable the jury to make its findings upon each issue and instead gave instructions which prevented the jury from making its findings contrary to the dictates of Louisiana C.C.P. Art. 1812;
 

 
 *524
 
 5) On the verdict form, the trial court erred by imposing a pure -1 % contributory negligence standard rather than a comparative negligence standard upon the plaintiff, as required by the Legislature;
 

 6) The jury erred in failing to award Christopher Townes an amount for medical expenses and general damages;
 

 7) The trial court erred in limiting
 
 voir dire
 
 examination by plaintiffs counsel;
 

 8) The trial court erred in commenting on the testimony of plaintiffs expert;
 

 9) The trial court erred in failing to award Deborah Dossett the full value of her automobile; and
 

 10) The trial court erred by not assessing all court costs against defendants.
 

 ASSIGNMENTS OF ERROR NOS. 1 THROUGH 5 (Attack On Jury Verdict Form)
 

 After four days of hearing testimony, the jury retired to deliberate and subsequently returned the following verdict:
 

 1.
 

 Do you find, by a preponderance of the evidence, that Danny Tumlinson, was negligent in this accident?
 

 x YES _NO
 

 NOTE: If your answer to Question 1 is YES, proceed to Question 2. If your answer is NO, go no further, have the foreperson sign the verdict form, date it, and return it to the Court.
 

 Was the negligence or fault of Danny Tumlinson a substantial factor and cause-in-fact of the accident and plaintiffs injuries?
 

 x YES _NO
 

 NOTE: If your answer to Question 2 is YES, proceed to Question 3. If your answer is NO, go no further, have the foreperson sign the verdict form, date it, and return it to the Court.
 

 3.
 

 Do you find by a preponderance of the evidence that the plaintiff, Christopher Townes, was operating his vehicle while his blood alcohol content (BAC) was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood?
 

 x YES NO
 

 NOTE: If your answer to Question 3 is YES, proceed to Question 4. If your answer is NO, skip Questions 4, 5, and 6, and proceed to Question 7.
 

 4.
 

 Do you find by a preponderance of the evidence that Plaintiff, Christopher Townes, was negligent as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood?
 

 x YES NO
 

 NOTE: If your answer to Question 4 is YES, proceed to Question 5. If your answer is NO, skip Questions 5 and 6, and proceed to Question 7.
 

 5.
 

 State the percent of negligence attributable to Christopher Townes as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.
 

 50%
 

 NOTE: Proceed to Question 6.
 

 
 *525
 
 6.
 

 Was the negligence of Christopher Townes as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood a contributing factor in causing his damages?
 

 x YES NO
 

 NOTE: If your answer to Questions 4 and 6 are YES, and your answer to Question 5 is in excess of 25%, go no further, have the foreperson sign the verdict form, date it, and return it to the Court.
 

 Jitf-
 

 Do you find by a preponderance of the evidence that the plaintiff, Christopher Townes, was negligent or at fault in the accident
 
 other titan
 
 as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood?
 

 YES NO
 

 NOTE: If your answer to Question 7 is YES, proceed to Question 8. If your answer to Question 7 is NO, proceed to Question 8 and place “0” on the percentage of fault line.
 

 8.
 

 State the percentage of negligence or fault, if any, attributable to Christopher Townes in the accident other than as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood.
 

 _%
 

 NOTE: Proceed to Question 9.
 

 9.
 

 What percentage of fault do you assign to each individual?
 

 Danny Tumlinson _% (Enter 0, if you answered
 

 “NO” to Interrogatory No. 1.)
 

 Christopher [Townes] _% (Enter from Interrog-
 

 atory No. 5.)
 

 Christopher [Townes]
 
 _%
 
 (Enter from Interrog-
 

 atory No. 8.)
 

 TOTAL
 
 —%
 
 (NOTE: Your total must
 

 equal 100%)
 

 NOTE: Proceed to Question 10.
 

 10.
 

 Did plaintiff, Christopher Townes, suffer any injuries and related damages proximately caused by the accident?
 

 _YES _NO
 

 NOTE: If your answer to Question 10 is yes, proceed to Question 11.
 

 11.
 

 What amount,
 
 if any,
 
 in dollars and cents, will compensate Christopher
 

 Townes for his injuries?
 

 1. Past medical expenses $_
 

 2. Mental pain and suffering $_
 

 3. Physical pain and suffering $_
 

 4. Scarring and disfigurement $_
 

 5. Loss of enjoyment of life $_
 

 TOTAL $_
 

 /s/ Chyrle Sue Parnell May 14, 2009
 

 JURY FOREPERSON DATED
 

 17Several times during the trial of this matter, counsel for plaintiffs objected to the verdict form crafted by the trial court, arguing that it was very complicated and misleading and “almost a comment on the evidence with regard to how many references there [were] to blood alcohol.” At one point, plaintiffs’ counsel even requested a mistrial based on the verdict form, which was denied. During a discussion about the verdict form, the trial judge explained that it was necessary to ask certain questions of the jury because of the language in La. R.S. 9:2798.4. The trial judge continued:
 

 
 *526
 
 Now, I’ve noted it is, these jury forms by the nature of these cases get complicated but the instructions are very, very clear. They’re in bold. They note and also the jury can always come back to us if they have any questions.
 

 The BAC and the alcohol, we have to ask it by way of the Title 9 statute and we have to ask three different questions. Do you find? Yes. Did it contribute? Yes. Was it more than twenty-five percent? That’s by nature of the statute.
 

 On appeal, Mr. Townes and Ms. Dossett argue that the jury was not allowed to assess fault between the parties, but was required instead to state their opinion as to whether the act of driving with a BAC of 0.08 percent or more is negligent. They contend the trial court acted to have this case decided by prejudice and public opinion. Moreover, they assert La. R.S. 9:2798.4 should be read
 
 in pan material
 
 with La. Civ.Code arts. 2315.4
 
 [3]
 
 and 2323
 
 [4]
 
 so that all persons causing or contributing to the injury Lean be assessed with a percentage of fault. Mr. Townes and Ms. Dossett maintain the verdict form improperly restricted the jury from allocating fault between the parties as to the cause of the accident. They argue that the jury was not allowed to apply the duty-risk analysis in assessing the negligence of the parties. They allege that because of the instruction on the form following question # 6, “the jury never got to their intended purpose of determining the percentage of negligence of each person regardless of immunity.”
 

 In response to this argument, the defendants maintain that “[t]he focal issue in this case from
 
 [voir dire
 
 ] through closing argument was the impairment of Mr. Townes as a result of his consumption of alcohol shortly before the accident and the translation of that impairment into barring recovery under [La. R.S.] 9:2798.4.” They argue that once the jury concluded that Mr. Townes was operating his vehicle while his BAC was 0.08 percent or more, that Mr. Townes was negligent as a result of operating his vehicle while his BAC was 0.08 percent or more, that the percent of negligence attributable to Mr. Townes as a result of operating his vehicle while his BAC was 0.08 percent or more was greater than 25 percent, and that such negligence was a contributing factor in causing his damages, then any further allocation of fault with respect to the claim of Mr. Townes would be a useless burden upon the jury and could only lead to confusion. We agree and note that although we may have drafted the verdict form differently,
 
 *527
 
 we find no error in the verdict form presented to the jury herein.
 

 In reviewing a jury verdict form, this court employs a manifest error, abuse of discretion standard of review. The verdict form may not be set aside unless the form is “so inadequate that the jury is precluded from reaching a verdict based on correct law and facts.”
 
 Ford v. Beam Radiator, Inc.,
 
 96-2787, p. 3 (La.App. 1 Cir. 2/20/98), 708 So.2d 1158, 1160 (citing
 
 State, Dept. of Transp, and Development v. McMillion Dozer Service, Inc.,
 
 93-590, p. 2 (La.App. 5 Cir. 5/31/94), 639 So.2d 766, 768,
 
 writs denied,
 
 94-2345, 94-2348 (La.11/29/94), 646 So.2d 399,
 
 cert denied,
 
 514 U.S. 1108, 115 S.Ct. 1958, 131 L.Ed.2d 850 (1995)). Jury interrogatories must fairly and reasonably point out the issues to guide the jury in reaching an appropriate verdict. If |9the verdict form does not adequately set forth the issues to be decided by the jury, such interrogatories may constitute reversible error.
 
 Abney v. Smith,
 
 2009-0794, p. 4 (La.App. 1 Cir. 2/8/10), 35 So.3d 279, 283.
 

 Louisiana Revised Statutes 9:2798.4 provides, in pertinent part, as follows:
 

 A. Neither the state, a state agency, or a political subdivision of the state nor any person shall be liable for damages, including those available under Civil Code Article 2315.1 or 2315.2, for injury, death, or loss of the operator of a motor vehicle, aircraft, watercraft, or vessel who:
 

 (1) Was operating a motor vehicle, aircraft, watercraft, or vessel while his blood alcohol concentration of 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
 

 (2) Was operating a motor vehicle, aircraft, watercraft, or vessel while he was under the influence of any controlled dangerous substance described in R.S. 14:98(A)(l)(c) or R.S. 40:964.
 

 B. The provisions of this Section shall not apply unless:
 

 (1) The operator is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b), or the operator is found to be in excess of twenty-five percent negligent as a result of being under the influence of a controlled dangerous substance described in R.S. 14:98(A)(l)(c); and
 

 (2) This negligence was a contributing factor causing the damage.
 

 We note that the Legislature’s purpose in adopting La. R.S. 9:2798.4 was to preclude recovery of damages for those who choose to operate a vehicle while under the influence of alcoholic beverages or drugs. In furtherance of its intended purpose, the Legislature drafted the statute broadly, providing that no “person shall be liable for damages” to an operator who “is found to be in excess of twenty-five percent negligent as a result of a blood alcohol concentration in excess of the limits provided in R.S. 14:98(A)(l)(b).”
 
 Stewart v. Daiquiri Affair, Inc.,
 
 2008-1804, p. 7 (La.App. 1 Cir. 5/13/09), 20 So.3d 1041, 1045,
 
 writ denied,
 
 2009-1337 (La.10/16/09), 19 So.3d 477.
 

 In the instant case, the jury was asked first to consider the negligence of Mr. Tumlinson and whether his negligence was a contributing factor in causing Mr. Townes’ damages. Next, the jury was asked about the actions of Mr. Townes and whether he was operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood. The questions on the | inverdict form were fashioned in such a way that once the jury determined that Mr. Townes was operating his vehicle while his BAC was 0.08
 
 *528
 
 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood, that Mr. Townes was negligent as a result of operating his vehicle while his BAC was 0.08 percent or more, that the percent of negligence attributable to Mr. Townes as a result of his operating his vehicle while his BAC was 0.08 percent or more was greater than 25 percent, and that such negligence was a contributing factor in causing his damages, the jury’s inquiry was over. No further allocation of fault was necessary as the requirements of La. R.S. 9:2798.4 had been met and any recovery by Mr. Townes was barred by his actions.
 

 We note the trial court gave the jury detailed, lengthy instructions in accordance with well-established legal principles applicable to the case, including but not limited to, burden of proof, negligence, causation, allocation of fault, and damages. While the verdict form in this case may have been more artfully worded, we cannot say that the form was so confusing or misleading as to preclude the jury from reaching a decision based on the correct law and facts.
 
 See Ford,
 
 96-2787 at 3, 708 So.2d at 1160. Moreover, as previously discussed, having answered “yes” to question # 4 and assigning 50 percent fault to Mr. Townes; once the jurors reached question # 6 on the form, (‘Was the negligence of Christopher Townes as a result of operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood a contributing factor in causing his damages?”), there was no need for the jurors to go any further. Mr. Townes was barred from any recovery pursuant to the provisions of La. R.S. 9:2798.4, and any further allocation of fault by the jury would have been fruitless. Therefore, from our review of the record, we do not find confusion of the jury or any inadequacy of the verdict form that would warrant ignoring the manifest error, abuse of discretion standard of review. These assignments of error are without merit.
 

 ASSIGNMENT OF ERROR NO. 6
 

 On appeal, Mr. Townes and Ms. Dossett argue the jury erred in assessing any percentage of fault to Mr. Townes for causing the accident. They base their argument on | nthe assumption that “[b]e-cause the jury asked if they could give Mr. Townes his medical expenses, [the jury] believed Mr. Tumlinson was 76 to 100% at fault.” They further argue the trial court should have permitted the jury to allocate fault between the parties as to the cause of the accident and the percent of fault (if any) of each, and decide who caused the injuries to Mr. Townes and property loss to Ms. Dossett. They maintain it was error not to award Mr. Townes damages for the injuries he sustained in the accident. We find no merit to this argument.
 

 Before reaching their verdict, the jury had the following question for the trial court considering the proceedings: “Can we ask that just his, Christopher Townes’, medical bills be paid?” The trial court advised the jury that it should follow the instructions regarding burden of proof, negligence, cause-in-fact, breach, and comparative fault and that only after it went through the process would it be able to reach an answer on that question. The trial court continued, instructing the jurors as follows:
 

 The answer may be no depending on what you find in other things. It can be yes depending on what you find in something else. But you have to get through the burden of proof and the plaintiff proving their case in its totality and going through all those processes. So you can’t just get there without having gone through the process so — and I don’t know where you are in the process
 
 *529
 
 so I can’t tell you an affirmative yes or no. But follow those instructions, they will lead you right through it
 

 You’ve got to get past the first inquiry. In order for somebody to have to be responsible to pay medical bills you have to show that they caused it, the accident, that nobody — they breached a duty and all of those things, unreasonableness, duty, whether there was a breach of duty. Was it the cause-in-fact.
 

 Of course, we have these special elements in this case that /all have to consider.
 

 It is well settled that we must give great deference to the allocation of fault as determined by the trier of fact.
 
 Fontenot v. Patterson Ins.,
 
 2009-0669, p. 22 (La.10/20/09), 23 So.3d 259, 274. The allocation of fault is within the sound discretion of the trier of fact and will not be disturbed on appeal in the absence of manifest error.
 
 Great West Cas. Co. v. State ex rel. Dept. of Transp. and Development,
 
 2006-1776, p. 7 (La.App. 1 Cir. 3/28/07), 960 So.2d 973, 977-978,
 
 writ denied,
 
 2007-1227 (La.9/14/07), 963 So.2d 1005.
 

 | 12As to the allocation of fault, the trier of fact is bound to consider the nature of each party’s wrongful conduct and the extent of the causal relationship between that conduct and the damages claimed.
 
 Watson State Farm Fire and Cas. Ins. Co.,
 
 469 So.2d 967, 974 (La.1985). We are guided by the factors articulated in
 
 Watson:
 
 (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
 
 Watson,
 
 469 So.2d at 974.
 

 In the instant case, the jury determined that the negligence attributable to Mr. Townes as a result of his operating his vehicle while his BAC was 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood was 50 percent and that this negligence was a contributing factor in causing his damages. Applying the
 
 Watson
 
 factors set forth above, we have examined the jury’s assessment of fault. Based on the facts of this case, we do not find the jury’s allocation of fault constituted manifest error. Considering the record in its entirety, we are satisfied that it reasonably supports the jury’s conclusion that Mr. Townes was 50 percent at fault in causing the accident. This assignment of error is without merit.
 

 ASSIGNMENT OF ERROR NO. 7
 

 In this assignment of error, Mr. Townes and Ms. Dossett contend the trial court erred by interrupting
 
 voir dire
 
 to rehabilitate jurors on issues central to the case without permitting counsel to determine existing prejudice and beliefs. The defendants maintain that it is completely permissible for the trial court to clarify with the prospective jury panel their obligation to apply the law to the facts even if they disagree with the law.
 

 During
 
 voir dire,
 
 plaintiffs’ counsel asked the following question of a panel of prospective jurors:
 

 Okay. Now, if a person is involved in a collision, all right, and they have enough, they’ve been having enough beer or drinks that they shouldn’t be behind the wheel. They’re at the limit or over the limit, all |13right, and they’re in a collision and it’s not their fault They didn’t cause it. But they really shouldn’t have been driving.
 

 Other than that, they obeyed the speed limits. They obeyed staying in
 
 *530
 
 their lane. They drove the same way, didn’t break any traffic regulations or anything. Who here would find them at fault, would have no trouble finding them at fault because they were in the car?
 

 According to the record, multiple panel members indicated they would find such a driver at fault simply because he was driving the car. In an attempt to rehabilitate the jurors, the trial court addressed them as follows:
 

 The question, however, to avoid jury confusion, you, if selected on a jury, you will decide what the facts of the case are. The Court will give you the law. The question is, can you apply the law to the facts as you determine them to be even if you disagree with what the law is?
 

 For lack of confusion, everybody here if I give you the law that you disagree with can you apply that law to the facts as you find them ... ?
 

 All of the panel members responded that they could follow the law as given to them notwithstanding their personal opinions. According to the record, a brief discussion at the bench between the attorneys and the trial court followed.
 
 [5]
 

 Pursuant to La.Code Civ. P. art. 1763(B), “[t]he parties or their attorneys shall individually conduct such examination of prospective jurors as each party deems necessary, but the court may control the scope of the examination to be conducted by the parties or their attorneys.” The scope of the
 
 voir dire
 
 examination is within the sound discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of a clear abuse of that discretion.
 
 Haydel v. Hercules Transport, Inc.,
 
 94-1246, pp. 10-11 (La.App. 1 Cir. 4/7/95), 654 So.2d 418, 426,
 
 writ denied,
 
 95-1172, 656 So.2d 1019. A review of the
 
 voir dire
 
 transcript in this instant case convinces us that the trial court did not abuse its much discretion in the rehabilitation of these prospective jurors. This assignment of error is without merit.
 

 ^ASSIGNMENT OF ERROR NO. 8
 

 On appeal, Mr. Townes and Ms. Dossett argue the trial court erred in commenting on the testimony of their accident reconstruction expert, Dean Tekell. They contend the trial court was advising the jury to ignore Mr. Tekell’s testimony. In response, the defendants maintain that nothing the trial court said was a comment on any of the evidence and that it is absurd to suggest that the trial court was advising the jury to ignore Mr. Tekell’s testimony.
 

 Louisiana Code of Civil Procedure article 1791 provides as follows: “The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.”
 

 During the direct examination of Mr. Tekell, the following colloquy occurred:
 

 [COUNSEL FOR PLAINTIFFS]: Okay. Now, is there any difference in the actions that you have depicted in reconstructing this accident in Mr. Townes’ behavior, his actions, anything he did out there that’s different from a
 
 *531
 
 normal, responsible, prudent, non-drinking driver?
 

 [COUNSEL FOR DEFENDANTS]: Objection, Your Honor, that’s not anything for an expert to address, that’s for this jury to address.
 

 THE COURT: Ask the question again and we’ll see if it invades the province of the jury.
 

 [COUNSEL FOR PLAINTIFFS]: Is there anything — I forgot the question. THE COURT: I bet you [counsel for Defendants] can tell you the question. [COUNSEL FOR DEFENDANTS]: The question was basically was Mr. Townes negligent. That’s the question. [COUNSEL FOR PLAINTIFFS]: No it was not. I didn’t say that.
 

 THE COURT: Let’s see. Let’s see what you said.
 

 [COUNSEL FOR PLAINTIFFS]: I want to see what — I said is there anything that you see in this accident reconstruction of Mr. [Townes’] actions, his behavior, everything he did in that, that is any different than what would be performed by a reasonably prudent driver that’s not — •
 

 THE COURT: — you did take the long way around it. That is the ultimate conclusion you’re asking him to answer and that invades the province of the jury.
 

 | |SCertainly, he can give you all of his calculations and he can give you what he said should have happened, as he’s explained, because no one can tell us what did happen but—
 

 [COUNSEL FOR PLAINTIFFS]:— please note my objection to the Court’s ruling for the record. Please.
 

 THE COURT: We’ll note your objection—
 

 We agree with the defendants on this issue. A complete reading of the pertinent portion of the trial transcript confirms that the trial court was in no way commenting on the evidence in this case, nor did the trial court advise the jury to ignore Mr. Tekell’s testimony. There is no Article 1791 violation. This assignment of error is without merit.
 

 ASSIGNMENT OF ERROR NO. 9
 

 In this assignment of error, Mr. Townes and Ms. Dossett argue that Ms. Dossett is entitled to recover 100 percent of her property damage despite the fact that the jury found Mr. Townes to be 50 percent at fault in causing the accident and any resulting damages. This argument is fatally flawed. The sum of percentages of fault for any given accident cannot exceed 100 percent. Accordingly, since the jury assessed 50 percent of the fault to Mr. Townes, the fault of the defendants cannot exceed 50 percent. Thus, their liability for damages is capped at 50 percent.
 

 ASSIGNMENT OF ERROR NO. 10
 

 In their final assignment of error, Mr. Townes and Ms. Dossett challenge the trial court’s assessment of costs. At the conclusion of trial, the trial court ordered that each party bear their own costs. Mr. Townes and Ms. Dossett argue that the trial court should have awarded damages to Mr. Townes and assessed all costs to the defendants.
 

 As a general rule, the party cast in judgment is taxed with the costs of the proceedings. La.Code Civ. P. art. 1920. However, we note that the trial court can assess costs in any equitable manner, and its assessment will not be reversed on appeal in the absence of an abuse of discretion. La.Code Civ. P. art. 1920;
 
 Allen v. Baton Rouge General Medical Center/General Health System,
 
 2009-1110, p. 6
 
 *532
 
 (La.App. 1 Cir. 12/28/09), 30 So.3d 127, 131.
 

 11fiWhen asked about the issue of costs, the following colloquy occurred:
 

 THE COURT: — ... I would assess cost in the same way [as] the percentage of fault.
 

 [COUNSEL FOR DEFENDANTS]: Well, it’s a zero verdict.
 

 THE COURT: Yeah, it’s a zero verdict but I still have some discretion in the area of cost and I would — the only guidance I have on that ... is negligence.
 

 THE COURT: I would say costs — one or two ways, guys. I’ll let y’all decide. Personally, I would just as soon everybody pay[s] their own cost but the other alternative is fifty percent based on that they share the cost according to the assignment of negligence. And they’ve kind of [done] a fifty/fifty on that, even though it’s a zero verdict
 
 [6]
 

 Based on the record before us, we find no abuse of discretion by the trial court in its assessment of costs in this matter. This assignment of error is meritless.
 

 CONCLUSION
 

 For the above and foregoing reasons, we affirm the June 1, 2009 judgment of the trial court. All costs associated with this appeal are assessed against plaintiffs/appellants, Mr. Townes and Ms. Dossett.
 

 AFFIRMED.
 

 [1]
 

 . In brief to this court, counsel for appellants indicates that Liberty Mutual was dismissed as Ace was self-insured at the time of the accident. Furthermore, on the first day of the trial of this matter, there was a discussion between the judge and the minute clerk regarding the caption of the case. The judge instructed the minute clerk that when calling the case in front of the jury, "Liberty Mutual is gone, or will be gone shortly, and so we would like to call the case without calling Liberty Mutual.” However, we note that the final judgment in this case, which is before us on appeal, names Liberty Mutual as a party. The issue of whether Liberty Mutual remained a party to the suit at the time of trial has not been raised in this appeal. Therefore, we need not address this inconsistency.
 

 [2]
 

 . A motion and order to dismiss, with prejudice, the demands of Mr. Tumlinson against Mr. Townes and Dairyland County Mutual Insurance Company was signed by the trial court on June 25, 2009.
 

 [3]
 

 . Concerning additional damages that may be awarded when a defendant is intoxicated, Article 2315.4 provides as follows:
 

 In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
 

 [4]
 

 . Comparative fault is provided for in Article 2323, which provides, in pertinent part, as follows:
 

 A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
 

 [5]
 

 . In brief to this court, counsel for Mr. Townes and Ms. Dossett makes the following statement, "The trial judge then took the attorneys out of the courtroom and admonished plaintiffs' counsel not to continue that line of questioning because she believed the question asked the panel to pre-judge the case.” However, there is no transcript of this bench conference in the record before us. Thus, there is nothing for us to consider in this regard.
 

 [6]
 

 6. Thereafter, there was some discussion about who would be responsible for the cost of the jury, which was $4,500.00. After reviewing the pleadings to determine who requested the jury, it was decided that the cost of the jury would be borne by the defendants.