STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-623

ROBERT SENSAT

VERSUS

R360 ENVIRONMENTAL SOLUTIONS, INC., ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-24-13
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Michael W. Robinson
Pucheu, Pucheu & Robinson, LLP
Post Office Box 1109
Eunice, LA 70535-1109
(337) 457-9075
COUNSEL FOR PLAINTIFF/APPELLANT:
        Robert Sensat

**Robert E. Kerrigan, Jr.**
**Raymond C. Lewis**
**Deutsch Kerrigan, L.L.P.**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0697**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **R360 Environmental Solutions, Inc.**
    **Michael Spell**

**PICKETT, Judge.**

The plaintiff appeals the trial court's judgment awarding him $1,000 in medical expenses in accordance with the jury's verdict, which awarded him $2,500 in medical expenses and assigned him 60% fault for the injuries he suffered in the accident at issue. For the following reasons, we affirm the judgment of the trial court.

## FACTS

On May 2, 2012, Robert Sensat delivered waste products for his employer to a facility owned and operated by R360 Environmental Solutions, Inc. It had been raining, and the truck Mr. Sensat was driving got stuck in mud as he drove on R360's facility. Mr. Sensat sought the assistance of R360's employee, Michael Spell, to free the truck. Mr. Spell used a tractor to pull the truck from the mud. During that maneuver, Mr. Sensat's truck overturned.

On January 14, 2013, Mr. Sensat sued R360, US Liquids of LA., L.P. (hereinafter referenced together with R360 Environmental Solutions, Inc. as R360), and Mr. Spell, alleging that R360's failure to properly maintain its facility and Mr. Spell's negligence contributed to his truck becoming stuck and overturning and that he was injured as a result of their negligence. He sought to recover general and special damages for his injuries. American Interstate Insurance Company, the workers' compensation insurer of Mr. Sensat's employer, intervened to recover amounts it paid in workers' compensation benefits to Mr. Sensat.

Shortly after the accident occurred, Mr. Sensat's supervisor accompanied him to have a drug screen performed. The drug screen revealed the presence of THC (marijuana) and hydrocodone (Norco) in Mr. Sensat's system, but it did not quantify the concentration of the drugs. Mr. Sensat filed a motion in limine to

prevent the drug screen results from being introduced into evidence and to prevent the defendants' expert neurologist from testifying as to any effect the marijuana and hydrocodone may have had on Mr. Sensat when the accident occurred and on causation. The trial court denied the motion.

During jury selection, multiple prospective jurors indicated that they had "zero tolerance" or similar beliefs regarding drug use and that they would assume the presence of drugs in Mr. Sensat's system contributed to the occurrence of the accident and/or Mr. Sensat's alleged injuries. Each party had six peremptory challenges. Neither party challenged ten of the empaneled jurors. Mr. Sensat exhausted his six peremptory challenges before twelve jurors were empaneled. He attempted to have two of the last nine empaneled jurors excluded, but the trial court denied his challenges for cause of those two jurors.

The case was tried over the course of four days. Negligence in causing the accident and causation of Mr. Sensat's claimed injuries were contested by the parties. The jury returned a unanimous verdict in favor of Mr. Sensat in the amount of $2,500 for medical expenses. It assigned 60% fault to Mr. Sensat and 40% fault to the defendants. The trial court rendered judgment awarding Mr. Sensat $1,000 in damages, together with legal interest thereon from the date of judicial demand. Mr. Sensat filed a motion for judgment notwithstanding the verdict or new trial, which the trial court denied. Mr. Sensat then filed this appeal.

## ASSIGNMENTS OF ERROR

Mr. Sensat asserts that the trial court committed the following four errors during the course of the trial, which he contends require reversal of the judgment in his favor and remand for a new trial:

2

1. The Trial Court erred in denying the Motions in Limine, and in not excluding any reference to the [drug] screens taken immediately after the accident showing the presence of THC and Hydrocodone, when there was absolutely no evidence to suggest that these substances played any part whatsoever in causing the accident, particularly when there were no consecrations [sic] measured, and the defendants made no effort to show that such substances played a part in affecting Mr. Sensat[']s ability to be pulled by a bulldozer out of the mud.

2. The Trial Court erred in not properly applying Article 403 of the Louisiana Code of Evidence, excluding evidence which was marginally relevant, if at all, since the probative value for showing what the defendants suggested, that Mr. Sensat did not always follow the rules, was far outweighed by prejudicial effects of the perception by the jury that the presence of drugs in Mr. Sensat's system, meant that Mr. Sensat was 60% at fault of [sic] being pulled by a bulldozer, and that he suffered no injuries and that he should not recover for his injuries.

3. The Trial Court erred in negating completely the provisions of the Louisiana Code of Civil Procedure concerning jurors, because the judge allowed jurors to be impaneled, simply because they answered they would be fair and follow the judge's instructions despite having previously making [sic] it very plain they would be prejudice [sic] against Mr. Sensat and would not give him a fair trial.

4. The Trial Court errored [sic] in not excusing for cause all jurors who plainly stated they would not be fair to Mr. Sensat, regardless of any statements they made in response to the usual rehabilitation questions, given that so many jurors stated they would not be fair for the same reason, and the jury was essentially poisoned against Mr. Sensat, such that the trial was long since [sic] over before the first witness was called to the stand.

*Failure to Brief*

The defendants point out that Mr. Sensat did not brief his first two assignments of error regarding the trial court's denial of his request to exclude any reference to the drug screens taken shortly after the accident occurred which showed the presence of marijuana and hydrocodone in his system. Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4) provides:

> (4) All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed.

3

In accordance with this rule, Mr. Sensat's assignments of error one and two are deemed abandoned. *See also Cook v. St. Genevive Health Care Servs., Inc.*, 19-300 (La.App. 3 Cir. 11/6/19), 283 So.3d 574.

### *Jury Selection*

Mr. Sensat's third and fourth assignments of error address the trial court's determinations that: (1) numerous jurors honestly answered its questions as to whether they could put aside their personal opinions regarding Mr. Sensat's use of drugs when not working and would follow the law as instructed, and (2) these jurors were "rehabilitated" such that they could fairly evaluate Mr. Sensat's claims as instructed. Mr. Sensat made fourteen challenges for cause during jury selection. Eight of his challenges were granted; six were denied. He urges that because fourteen of the thirty potential jurors initially indicated they could not put aside their personal beliefs, this case is unlike other cases where trial courts were held to have properly concluded that potential jurors were rehabilitated by the trial courts' and parties' discussions and questioning. He does not, however, cite or discuss any legal or jurisprudential support for his arguments.

The importance of a juror's ability to be fair and impartial is addressed in La.Code Civ.P. art. 1765(2), which provides that a juror may be challenged for cause when he "has formed an opinion in the case or is not otherwise impartial, the cause of his bias being immaterial." When a juror's ability to be impartial is challenged, the trial court must determine whether the juror can put aside his personal thoughts and apply the law as instructed. "[I]f a prospective juror is able to declare to the [trial] court's reasonable satisfaction that he could render an impartial verdict according to the law and evidence, a challenge for cause to that juror is properly denied." *Scott v. Am. Tobacco Co.*, 01-2498, p. 6 (La. 9/25/01),

4

795 So.2d 1176, 1182. The trial court is vested with broad discretion in ruling on challenges for cause, and its rulings on such challenges will be reversed only when "a review of voir dire as a whole indicates an abuse of discretion." *Bannerman v. Bishop*, 28,382, p. 3 (La.App. 2 Cir. 7/2/96), 688 So.2d 570, 572, *rev'd on other grounds on reh'g*, (10/16/96), *writ denied*, 96-2755 (La. 1/10/97), 685 So.2d 146. Trial courts may consider criminal jurisprudence when addressing challenges for cause in civil trials. *Bannerman,* 688 So.2d 570.

In *Simms v. Progressive Insurance Co.*, 38,804 (La.App. 2 Cir. 9/29/04), 883 So.2d 473, *writ denied*, 04-2871 (La. 1/28/05), 893 So.2d 78, the appellants argued that the trial court's refusal to remove six individuals for cause due to bias constituted error which deprived them of a fair trial. The *Simms* court looked to criminal jurisprudence before addressing this issue, stating:

> In *State v. Coates*, 27,287 (La.App. 2 Cir. 9/27/95), 661 So.2d 571, *writ denied*, 95-2613 (La. 2/28/96), 668 So.2d 365, this court addressed the trial court's discretion in ruling on challenges for cause as follows:
>
>> In order to preserve the issue for appeal, the defendant must object to the ruling refusing to sustain a challenge for cause. If the defendant has exhausted all of his peremptory challenges . . . no showing of prejudice is needed; he need only show the erroneous denial of a challenge for cause.
>>
>> . . . .
>>
>> A refusal by a trial judge to excuse a prospective juror on the ground he is not impartial is not an abuse of discretion where, after further inquiry or instruction (frequently called "rehabilitation"), the potential juror has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence. "[A] challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment

5

according to law may be reasonably inferred." (Citations omitted.)

*Simms*, 883 So.2d at 479-80.

Here, as in *Simms*, all of the empaneled jurors who initially indicated that they had "zero tolerance" for a person's use of drugs like marijuana and hydrocodone when working and believed that Mr. Sensat's use of the drugs somehow contributed to the accident were ultimately deemed to be rehabilitated. The trial court and counsel for both parties discussed the issue with the potential jurors and explained to them that Mr. Sensat's drug use was not the "crux" of the case, that all the facts surrounding the accident had to be considered in deciding the case, and that, as jurors, they must apply the law as instructed by the trial court to the facts presented by the parties. In this process, the jurors learned how the accident occurred and the parties' claims that the other party was at fault in causing the accident and why. The parties also informed the potential jurors that Mr. Sensat had prior injuries to his back and left leg and that he had complaints after the accident similar to the complaints he had before the accident. They also informed the jury of their medical expert's opinions as to whether or not Mr. Sensat was injured in the accident. Thereafter, the six jurors at issue answered "yes" when asked if they would follow the trial court's instructions. Though these six jurors initially expressed harsh personal sentiments about drug use, "they also indicated that they could comply with the law as instructed by the [trial] court . . . This is what our judicial system requires of jurors." *Id*. at 480.

*Townes v. Liberty Mutual Insurance Co.,* 09-2110 (La.App. 1 Cir. 5/7/10), 41 So.3d 520, presented a scenario very similar to this case. In *Townes*, the plaintiff had been drinking before being involved in the automobile accident at

issue, and testing established that he was legally intoxicated. As in this case, a number of the jury panel members indicated they would find such a driver at fault simply because he was driving a car involved in the accident. The trial court posed the following to those individuals:

> [I]f selected on a jury, you will decide what the facts of the case are. The Court will give you the law. The question is, can you apply the law to the facts as you determine them to be even if you disagree with what the law is?"

*Townes*, 41 So.3d at 530. The jurors all indicated that they could put their personal opinions aside and follow the law as instructed. The first circuit found no abuse of discretion by the trial court in denying the plaintiffs' challenges for cause.

Here, after explaining that the jurors had a duty to apply the law to the facts as it instructed, the trial court and defense counsel posed similar questions to the challenged jurors. The trial court was in the best position to determine whether the jurors were honest when they stated they would follow the trial court's instructions when deciding the case, and we find no abuse of discretion in the trial court's conclusion that the jurors had been rehabilitated or its denial of Mr. Sensat's challenges for cause.

The defendants urge that Mr. Sensat waived his right to appeal the trial court's rulings on his challenges for cause because he did not object to the trial court's determinations that the jurors at issue had been rehabilitated or to its denials of his challenges for cause. *See Coates*, 661 So.2d 571. We further note Mr. Sensat did not use all of his peremptory challenges to remove jurors he challenged for cause. Rather, he used peremptory challenges as backstrikes to remove two jurors he had previously accepted, instead of using them to strike the two jurors at issue herein, which has also been held to result in a waiver of his right

7

to appeal the seating of these two jurors. *See State v. Magee*, 11-574, p. 30 (La. 9/28/12), 103 So.3d 285, 309, which restated the longstanding tenet:  "when the defendant does not use an available peremptory challenge to correct an erroneous ruling on a challenge for cause, the ability to change the ultimate composition of the jury selected to try the case is not impaired."  Our review of the jurisprudence has not revealed an instance in which the above precepts have been applied in civil cases; therefore, we addressed these assigned errors in the interest of justice.

Lastly, we observe that La.Code Civ.P. art. 1797 requires that only nine jurors concur to render a verdict.  Accordingly, even if Mr. Sensat's arguments that the unanimous jury was tainted with two prejudiced jurors who should have been dismissed for cause are true, ten, not just nine, jurors who were not challenged for cause concurred in the verdict.  Therefore, Mr. Sensat has not shown that he was prejudiced by the jurors whose challenges for cause were denied.

## DISPOSITION

For the reasons discussed above, the judgment of the trial court is affirmed. All costs are assessed to Robert Sensat.

**AFFIRMED.**