**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**NUMBER 2020 CA 0091**

TERRY REED

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:  NOV 0 2 2020**

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C679282

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Terry Reed<br>Winnfield, LA | Plaintiff/Appellee<br>In Proper Person |
| Elizabeth B. Dessellee<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>Louisiana Department of Public<br>Safety and Corrections |

\* \* \* \* \* \*

BEFORE:  GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Dissents and assigns reasons.

**GUIDRY, J.**

This is an appeal from a judgment of the trial court, which assessed all costs to the defendant, the "prevailing party." For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 6, 2019, the plaintiff inmate, Mr. Terry Reed, filed a petition for writ of mandamus against the Louisiana Department of Public Safety and Corrections (DPSC).[1] In his writ, Mr. Reed alleged that he executed an Administrative Remedy Procedure Request (ARP) on November 2, 2018, in regards to a time computation error.[2] Mr. Reed sought mandamus relief to compel DPSC to respond to his ARP, in order to exhaust his administrative remedies.

In response to the writ, on February 19, 2019, DPSC filed a motion to dismiss arguing that Mr. Reed had failed to exhaust his administrative remedies.[3] Subsequently, on March 20, 2019, Mr. Reed filed a motion seeking a voluntary dismissal without prejudice. Mr. Reed contended that DPSC had since complied with his request.

On May 22, 2019, a status hearing was held by the Commissioner at the 19th Judicial District Court, at which time the Commissioner informed the parties that Mr. Reed's request for mandamus was moot. At the hearing, DPSC informed the court that an administrative decision was rendered by the Secretary on March 29, 2019; Mr. Reed indicated he received a copy. Thereafter, on September 18, 2019, the Commissioner issued a report, recommending that Mr. Reed's request for

---

[1] On February 7, 2019, the trial court ordered that a copy of the petition be served on the Defendant, James LeBlanc, Secretary of the DPSC.

[2] Mr. Reed submitted his ARP to the administration at the Winn Correctional Center, where he was housed. In addition, Mr. Reed submitted with his petition a copy of a receipt – "WINN CORRECTIONAL CENTER RECEIPT OF ADMINISTRATIVE REMEDY PROCEDURE REQUEST," wherein he was informed that his grievance was received on November 2, 2018, and forwarded to DPSC on November 2, 2018.

[3] DPSC also argued that the ARP was not received at the department's headquarters until January 5, 2019. The ARP was answered by the department on March 29, 2019, within the 90 days provided by law. See La. R.S. 15:1171, et seq. and La. R.S. 15:1181, et seq.

mandamus relief be dismissed as moot, with prejudice, and that DPSC be cast with costs. By judgment dated October 22, 2019, the trial court adopted the recommendations set forth in the Commissioner's report, dismissing the matter as moot with prejudice and assessing all costs to DPSC. DPSC then appealed, assigning one error: the district court erred in casting all costs to the defendants, as the defendants were the prevailing party and there is no evidence showing an equitable basis to do so.

## DISCUSSION

Louisiana Code of Civil Procedure article 1920 states that, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Under the jurisprudence, while the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party who prevailed on the merits. Bourg v. Cajun Cutters, Inc., 14-0210, p. 27 (La. App. 1st Cir. 5/7/15), 174 So. 3d 56, 73-74, writs denied,15-1306, 15-1253 (La. 4/4/16), 190 So. 3d 1201 and 1205; Anglin v. Anglin, 09-0844, p. 9 (La. App. 1st Cir. 12/16/09), 30 So. 3d 746, 753-54. Moreover, upon review, an appellate court will not disturb the trial court's fixing of costs absent an abuse of the sound discretion afforded the trial court. Bourg, 14-0210 at p. 27, 174 So. 3d at 74. The trial court has great discretion in matters relating to the assessment of costs. See Harris v. City of Baton Rouge, 16-0163, p. 3 (La. App. 1st Cir. 12/22/16), 209 So. 3d 405, 408, writ denied, 17-00155 (La. 3/31/17), 217 So. 3d 360.

3

In recommending to assess costs to DPSC, the Commissioner's Report explains:

> This Commissioner notes that there is no indication in the policy that the non-DOC facility has a time frame within which it must forward the DOC offender's grievance to DOC Headquarters ... . As this Court has seen in numerous mandamus suit[s] involving Winn Correctional, the transfer of the grievance to DOC takes months to perfect which results in what can only be considered an undue delay in the response. This Court has no authority to issue a directive to Winn Correctional or any other facility to remedy such delays; but, this Commissioner must state for the record that due to this delayed forwarding to the DOC Headquarters, the Petitioner was forced to wait 147 days from the date his grievance was accepted by Winn Correctional until a response was issued by the Secretary on March 29, 2019. ... Offenders are put on notice that the Department has 90 days from receipt to issue a response, but offenders are not put on notice that it could take 2 months to forward that response to the Department. This Commissioner cannot fault the Petitioner for filing his suit after such a long delay ... .

Considering the circumstances of this case,[4] including the fact that the Commissioner stated that Mr. Reed "shouldn't be responsible," we find no abuse of discretion in the trial court's ruling to tax DPSC with the costs. In Townes v. Liberty Mutual Insurance Co., 09-2110, pp. 15-16 (La. App. 1st Cir. 5/7/10), 41 So. 3d 520, 531-32, the trial court ordered each party to bear its own costs although there was a zero verdict and no indication that either party incurred costs needlessly; this court found no abuse of discretion. In Anglin, 09-0844 at pp. 9-10, 30 So. 3d at 753-54, this court recognized that a trial court may assess costs against a party who prevails to some extent on the merits. Additionally, in Brown v. Mathew, 13-1974 (La. App. 1st Cir. 12/30/14), 2014 WL7455038, *13-14, writ denied, 15-0206 (La. 5/17/15), 168 So. 3d 400, the plaintiff was the losing party, but the defendant was taxed with costs. In light of these recent pronouncements, we cannot conclude that the trial court abused its broad discretion on this matter.

---

[4] At the May 2019 status hearing, Mr. Reed argued that he had done what he was supposed to do. The Commissioner agreed, and noted that while neither Mr. Reed nor DPSC were "responsible," the court had no jurisdiction over Winn Parish. DPSC entered into a contract with the Winn Parish Sheriff in September 2015. The Sheriff then sub-contracted to a private contractor.

## CONCLUSION

For the above and foregoing reasons, we affirm the October 22, 2019 judgment of the trial court that ordered the Department of Public Safety and Corrections to pay all costs. All costs of this appeal are assessed against the defendant/appellant, Louisiana Department of Public Safety and Corrections.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0091

TERRY REED

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., dissenting.**

While acknowledging that the trial court has great discretion in the assessment of costs, the only entity that may have necessitated unnecessary appeal costs is Winn Correctional Center. However, Winn Correctional Center is not a party to this litigation. Further, the Louisiana Department of Public Safety and Corrections is the prevailing party and, unlike in the cases cited by the majority, the Department in no way took any action to incur or inflate costs. Accordingly, I would find that the trial court abused its discretion in assessing all costs to the Department. Therefore, I respectfully dissent.