STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 1177

JAMAR WILLIAMS

VERSUS

RONETTE LEEPER AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**Judgment Rendered: APR 0 8 2022**

* * * * * *

On appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 127,002

Honorable Alvin Turner, Jr., Judge Presiding

* * * * * *

Hester Dornan Lemoine          Counsel for Plaintiff/Appellee
Alan L. Schwartzberg           Jamar Williams
Corrine M. Schwartzberg
Gary N. Boutwell, II
Jay M. Schwartzberg
Baton Rouge, LA


Matthew W. Pryor               Counsel for Defendants/Appellants
Ashley Delaune Tadda           Ronette Leeper and State Farm
Gonzales, LA                   Mutual Automobile Insurance
                               Company

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

Defendants, an insurer and its insured, appeal a trial court judgment assigning the insured with fault for causing an accident. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a motor vehicle accident that occurred on December 12, 2018, on Bishop Woods Road in Ascension Parish.[1] The accident occurred as Ronette Leeper was backing into the road from her home driveway. At about the same time, plaintiff, Jamar Williams, was traveling down the road in Ms. Leeper's direction. A collision occurred, resulting in injuries to Mr. Williams.

Thereafter, on October 9, 2019, Mr. Williams filed suit against Ms. Leeper and her insurer, State Farm Mutual Automobile Insurance Company (sometimes referred to collectively as the defendants). Mr. Williams alleged that the accident was caused by the negligence and/or legal fault of Ms. Leeper.[2]

Ms. Leeper and her insurer filed an answer, generally denying the allegations of the petition, and asserting that Mr. Williams was liable for the accident for, among other things, failing to see what should have been seen. After a May 11, 2021 trial on the merits, and by a judgment dated June 8, 2021, the trial court assessed 40 percent of the fault to the plaintiff, Mr. Williams, and 60 percent of the fault to the defendant, Ms. Leeper.[3] The trial court also assessed costs against the defendants.

In their appeal, the defendants contend the trial court erred in finding Ms. Leeper negligent in causing the accident sued upon. In the alternative, the defendants contend the trial court erred in assessing Ms. Leeper with 60 percent of

---

[1] Bishop Woods Road is now named J.D. Broussard Road.

[2] Mr. Williams amended his petition on July 8, 2020.

[3] Mr. Williams received compensatory damages including medical expenses and property damages.

the fault. The defendants also assert that the trial court erred in assessing all court costs to them.

## DISCUSSION

It is well-settled in Louisiana law that a trial court's findings of fact may not be reversed absent manifest error or unless clearly wrong. Stobart v. State through Department of Transportation and Development, 617 So. 2d 880, 882 (La. 1993). The reviewing court must do more than simply review the record for some evidence that supports or controverts the trial court's findings; it must instead review the record in its entirety to determine whether the trial court's findings were clearly wrong or manifestly erroneous. Stobart, 617 So. 2d at 882. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart, 617 So. 2d at 882. The manifest error standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So. 2d 840, 844 (La. 1989).

Further, all motorists owe a general duty to observe what should be observed. Mart v. Hill, 505 So. 2d 1120, 1123 (La. 1987). Relevant hereto are the duties and presumptions associated with a driver entering a highway and a driver's limitations on backing. Louisiana Revised Statutes 32:124 provides that the driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. The driver entering a highway has the primary duty to avoid a collision. Walley v. Vargas, 12-0022, p. 17 (La. App. 1st Cir. 9/21/12), 104 So. 3d 93, 105. Unusual, extreme, and high care toward favored traffic is required of such a motorist under the case law. Walley, 12-0022 at p. 17, 104 So. 3d at 105. Louisiana Revised Statutes 32:281 provides, in part: The driver

3

of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic. A high degree of care is generally imposed upon backing motorists to ensure that the maneuver can be safely accomplished. Harrison v. Richardson, 35,512, p. 7 (La. App. 2d Cir. 1/23/02), 806 So. 2d 954, 958.

The Louisiana Supreme Court, in citing La. R.S. 32:281, stated that "[b]acking [a vehicle] without knowing whether it can be safely done is grossly negligent." Turner v. New Orleans Public Service Inc., 476 So. 2d 800, 802 (La. 1985). In addition, it is well established in Louisiana that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and that the burden is on him to show that the collision was not caused by his negligence. Simon v. Ford Motor Company, 282 So. 2d 126, 128 (La. 1973); Davis v. Fortenberry, 09-1463, p. 7 (La. App. 3d Cir. 5/5/10), 37 So. 3d 514, 518-519, writ denied, 10-1493 (La. 10/1/10), 45 So. 3d 1102. However, even a favored driver can still be found negligent if his substandard conduct contributed to the cause of the accident. Walley, 12-0022 at p. 17, 104 So. 3d at 105.

In the instant matter, the trial court found both drivers to be at fault, breaching statutory duties owed to the other driver. Mr. Williams was found to be driving in excess of the speed limit, in violation of La. R.S. 32:64,[4] and Ms. Leeper was found in violation of La. R.S. 32:124 and La. R.S. 32:281.

While Ms. Leeper contends she did nothing wrong, and argues that the trial court erred in finding her negligent, the testimony and evidence of record show

---

[4] Mr. Williams was also driving in violation of restrictions listed on his license as "[with licensed] driver only; vision loss left."

otherwise.[5]  Notably, a home surveillance video[6] shows that the accident occurred in the dark of the evening on an area of road with no lights.  Ms. Leeper was backing her vehicle out of her home driveway, attempting to head northbound. Just before the accident occurred, Ms. Leeper's vehicle occupied the north lane of travel and also crossed the southbound lane of travel.  Mr. Williams' vehicle, which was approaching Ms. Leeper's, was in the southbound lane of travel.  Mr. Williams vehicle collided with Ms. Leeper's vehicle in the southbound lane of travel.

Given the law and the evidence of record before us, we cannot say that the trial court's finding of fact, regarding Ms. Leeper's fault, is manifestly erroneous or clearly wrong.  To the contrary, we find the trial court's conclusion to be a reasonable one, which is amply supported by the record.  Mr. Williams was not required to anticipate that Ms. Leeper would back her vehicle into the roadway in the wrong lane of travel, and in his path, causing a collision.  We therefore find that the assignment of error lacks merit.

Having so found, we now turn to the allocation of fault, a factual determination.  See McDowell v. Diggs, 17-0755, p. 5 (La. App. 1st Cir. 10/3/18), 264 So. 3d 489, 494.  In determining percentages of fault, the trier of fact must consider both the nature of the conduct of each party at fault and the causal relation between the conduct and the damages claimed.[7]  McDowell, 17-0755 at p. 5, 264

---

[5] In addition to Ms. Leeper and Mr. Williams, several other witnesses testified at trial including Deputy James Murray; Burnell Brown, owner of Burnell's Automotive; Monica Cann, mother of Mr. Williams; Dr. Joseph Turnipseed (by deposition); Garrett Leeper, a passenger in Ms. Leeper's vehicle (by video deposition); and Michael Gillen, an expert in accident reconstruction and traffic accident investigation.

[6] The subject accident was captured by Ms. Leeper's home surveillance system.

[7] In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without

So. 3d at 494. Appellate courts will not disturb such findings unless, for well-articulated reasons, those findings are found to be clearly wrong, manifestly erroneous. Whether a fact-finder determines a party to be one percent at fault, totally at fault, or somewhere in between, the manifest error rule applies. Harrison, 35,512 at p. 8, 806 So. 2d at 958-959.

After thoroughly reviewing the record, we find that the trial court's conclusions as to the allocation of fault are reasonable and that its findings are not manifestly erroneous. Ms. Leeper's testimony was that she backed her vehicle out of the driveway, stopped, put the vehicle in drive, went forward, and then stopped again. Ms. Leeper admitted she saw a vehicle approaching southbound before entering the roadway. Mr. Williams had the right of way, according to Deputy James Murray. And Mr. Williams testimony was that he never saw Ms. Leeper's headlights before colliding with her vehicle.[8]

The trial court's conclusion that Ms. Leeper was more at fault for causing the accident is reasonable, as Ms. Leeper knew she could not completely back her vehicle into the northbound lane without entering the southbound lane of travel. It is well-settled that if a trial court's findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, 617 So. 2d at 882-883. We therefore find no merit in the assignment of error.

Finally, as it concerns court costs, La. C.C.P. art. 1920 states, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may

---

proper thought. Watson v. State Farm Fire and Casualty Insurance Company, 469 So. 2d 967, 974 (La. 1985).

[8] There is no evidence that Ms. Leeper's front headlights ever directly faced Mr. Williams' vehicle.

6

render judgment for costs, or any part thereof, against any party, as it may consider equitable."

Under the jurisprudence, while the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems equitable, even against the party who prevailed on the merits. Bourg v. Cajun Cutters, Inc., 14-0210, p. 27 (La. App. 1st Cir. 5/7/15), 174 So. 3d 56, 73-74, writs denied, 15-1306, 15-1253 (La. 4/4/16), 190 So. 3d 1201 and 1205; Anglin v. Anglin, 09-0844, p. 9 (La. App. 1st Cir. 12/16/09), 30 So. 3d 746, 753-54. Moreover, upon review, an appellate court will not disturb the trial court's fixing of costs absent an abuse of the sound discretion afforded the trial court. Bourg, 14-0210 at p. 27, 174 So. 3d at 74. The trial court has great discretion in matters relating to the assessment of costs. See Harris v. City of Baton Rouge, 16-0163, p. 3 (La. App. 1st Cir. 12/22/16), 209 So. 3d 405, 408, writ denied, 17-00155 (La. 3/31/17), 217 So. 3d 360. See also Townes v. Liberty Mutual Insurance Company, 09-2110, pp. 15-16 (La. App. 1st Cir. 5/7/10), 41 So. 3d 520, 531-32 (the trial court ordered each party to bear its own costs although there was a zero verdict and no indication that either party incurred costs needlessly; this court found no abuse of discretion); Anglin, 09-0844 at pp. 9-10, 30 So. 3d at 753-54 (this court recognized that a trial court may assess costs against a party who prevails to some extent on the merits); and Brown v. Mathew, 13-1974 (La. App. 1st Cir. 12/30/14), 2014WL7455038, *13-14, writ denied, 15-0206 (La. 4/17/15), 168 So. 3d 400 (the plaintiff was the losing party, but the defendant was taxed with costs).

Here, given that Ms. Leeper was assessed with the majority of fault, and Mr. Williams was the only party to be awarded compensatory damages, we find no abuse of discretion in the trial court's ruling to tax Ms. Leeper and her insurer with the costs. The assignment of error lacks merit.

7

## CONCLUSION

For the above and foregoing reasons, the June 8, 2021 judgment of the trial court is hereby affirmed. All costs of this appeal are assessed to the defendants/appellants, Ronette Leeper and State Farm Mutual Automobile Insurance Company.

**AFFIRMED.**